# EXHIBIT 13

# GEORGESON LAW OFFICES
ATTORNEYS AT LAW

TELEPHONE
(559) 447-8800

7491 N. REMINGTON AVENUE, SUITE 100
FRESNO, CALIFORNIA 93711

TELECOPIER
(559) 447-0747

May 15, 2024

**VIA E-MAIL ONLY**
TJ Auner, Esq.
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, California 90071
tauner@jonesday.com

*Re:   AAA Case Number: 01-24-0005-4234 – Demand for Arbitration*
*Agri-Access, et al. v. Corporate America Lending, Inc.*

Dear Counsel,

Your May 14, 2024 Demand for Arbitration filed with AAA has been received.

Paragraph 6.1 of the Origination, Field Servicing & Master Participation Agreement ("Agreement"), which your client[1], Agri-Access, and Corporate America Lending, Inc. ("CAL") are parties reads:

> 6.1   Opportunity to Cure
>
> In the event that Financial Institution/Originator shall breach any warranty or representation contained in this Agreement, Participant will notify Financial Institution/Originator of such breach and demand that it be cured within 30 days. If such breach is not of the type that can be cured within 30 days, but Financial Institution/Originator has commenced action within said 30 days to cause such breach to be cured, is diligently pursuing said cure, and the breach is reasonably expected to be cured as a result of such diligent pursuit by Financial Institution/Originator within 90 days of the notice of the breach, the cure period shall be extended from 30 days to 90 days. Otherwise, if such breach is not cured within said 30 days (or 90 days, if such extended cure period is applicable), Participant may at its option 1) undertake action to cause such breach to be cured, but Financial Institution/Originator shall reimburse Participant for any and all expenses incurred in connection with such action, including but not limited to out of

---

[1] ACA/FLCA/PCA f/k/a AgStar Financial Services ACA/FLCA/PCA, does business as Agri-Access ("Agri-Access").

## GEORGESON LAW OFFICES
ATTORNEYS AT LAW

May 15, 2024
Page **2** of **2**

pocket costs, outside attorney's and consultant's fees, and the cost of utilization of Participant's personnel, which reimbursement shall occur within 10 days of Financial Institution/Originator's receipt of Participant's invoice for such expenses, or 2) demand and collect from Financial Institution/Originator, within 5 business days of Participant's written demand, an amount equal to the diminution in the loan's value to Participant on account of the breach, to be determined solely by Participant, and such determination by Participant shall be deemed conclusive and binding upon Financial Institution/Originator absent manifest error, plus any and all expenses incurred in connection with any of the foregoing by Participant, including but not limited to out of pocket costs, outside attorney's and consultant's fees, and the cost of utilization of Participant's personnel. Financial Institution/Originator expressly acknowledges and agrees that in the event that Participant must pursue an action, whether at law or in equity, to enforce this provision, Financial Institution/Originator shall be responsible for all of Participant's costs and attorney's fees in connection with such enforcement.

CAL has not received the contractually required 30-day notice to "cure a breach" from Agri-Access, as set forth in Paragraph 6.1 in the Agreement. Accordingly, demand is hereby made on Agri-Access to immediately withdraw its May 14, 2024 Demand for Arbitration, as it is a flagrant breach of the contract protocol articulated in Paragraph 6.1. This ill-advised demand was made during the period in which resolution between the parties of any potential dispute was being pursued, which has only further exacerbated the situation between the parties. *See* Agreement at Paragraph 7.1 (a).

Additionally, the Covenant of Good Faith and Fair Dealing requires that your clients do nothing to impede faithful, full compliance with the Agreement's terms and conditions. Once the 30-day notice to cure is received by CAL, from Agri-Access, a response will be tendered within the contractual time limits.

Nothing contained herein shall serve to waive any of CAL's legal or equitable rights or remedies, all of which are hereby expressly reserved. I remain,

GEORGESON LAW OFFICES

By *[signature]*
C. Russell Georgeson

CRG/sm
cc:    Client – via email only