UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COMPEER FINANCIAL, ACA, COMPEER FINANCIAL, PCA, and COMPEER FINANCIAL, FLCA,<br><br>　　　　　Plaintiffs,<br>v.<br><br>CORPORATE AMERICA LENDING, INC.,<br><br>　　　　　Defendant. | Court File No. 24-cv-1896 (JWB/ECW)<br><br>MEMORANDUM OF POINTS IN SUPPORT OF MOTION TO DISMISS FOR FORUM NON CONVENIENS |

Defendant Corporate America Lending, Inc. respectfully submits this Memorandum of Points and Authorities in Support of its motion to dismiss for forum non conveniens.

I. **INTRODUCTION.**

The litigants' contract specifies that "[i]n the event of a dispute, the parties agree that venue shall be in Blue Earth County, Minnesota." In violation of that forum selection clause, the Plaintiffs have filed an action in this Court, which is not located in Blue Earth County, Minnesota. As there is no federal courthouse in Blue Earth County, Minnesota, the Plaintiff may not litigate in a federal court located in another county. *Smart Commc'n. Collier Inc. v. Pope Cty. Sheriff's Off.*, 5 F.4th 895, 897 (8th Cir. 2021); *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019); *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) and *Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018). Litigation commenced outside of the

1

forum specified in a forum selection clause is subject to dismissal on forum non conveniens grounds if the alternative forum is a state court. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. For W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013). Put simply, this case should be dismissed.

II.   **FACTUAL BACKGROUND.**

   A.   **The Parties.**

Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA (collectively "Plaintiffs") are federal credit associations. (Complaint for Injunctive Relief in Aid of Arbitration, ¶2.) Defendant Corporate America Lending, Inc. ("CAL") is a California corporation that makes and services loans, primarily to agricultural-related businesses. (Cook Decl., ¶2)

   B.   **The Parties' Contract Contains A Forum Selection Clause That Specifies Venue Shall Be In Blue Earth County, Minnesota And That Any Disputes Would Be Resolved By Arbitration. In Violation Of Such Provisions, The Plaintiffs Have Initiated Litigation In This Court.**

On or about April 15, 2015, Plaintiffs' predecessors and CAL entered into an Origination, Field Servicing & Master Participation Agreement ("Master Agreement"). (Cook Decl., ¶5, Ex. 1.)  The Plaintiffs drafted the terms of the Master Agreement, presenting the same to CAL as non-negotiable. (*Id.*) Pursuant to the Master Agreement, Plaintiffs obtained the right to purchase participation interests in loans made by CAL to borrowers, and CAL would retain the right to service such loans. (*Id.*)

Paragraph 9.1 of the Master Agreement provides that "[i]n the event of a dispute, the parties agree that venue shall be in Blue Earth County, Minnesota and the parties expressly consent to jurisdiction therein." (Cook Decl., ¶6, Ex. 1 at ¶9.1 7.) Despite

2

such provision, the Plaintiffs have filed the instant litigation in this Court, which, to state the obvious, is not located in Blue Earth County, Minnesota. (Cook Decl., ¶8.)

The Master Agreement further provides that any disputes between the parties will be resolved by binding arbitration. (Cook Decl., ¶7 Ex. 1 at Article 7 "Arbitration.") Again, in violation of the arbitration provision, the Plaintiffs have filed this action.

On May 29, 2024 the Court held a "Status Hearing" in this case and specifically brought up the issue of the appropriate venue for this case being in the Minnesota State Court, Blue Earth County Minnesota. (See Exhibit 1, Declaration of Barry Lee, ¶ 3, pages 15-17). The Court concluded that discussion by stating, "so I'm going to park that for now because..." (Declaration of Barry Lee, Exhibit 1, page 17:17).

On August 12, 2024 Defendant, Corporate America Lending, Inc. filed in this Court its Notice of hearing on Defendant's Motion to Dismiss with supporting papers. On August 13, 2024 this Court issued an Order/Notice to Attorney that stated in relevant part, "Defendant's Motion to Dismiss and supporting filings (Doc. Nos. 45-49) are STRICKEN and the November 5, 2024 hearing is cancelled. Defendant will be allowed to refile its motion after the stay has been lifted." On February 21, 2025 this Court issued an Order lifting Stay effective February 4, 2025. In accordance with this Court's August 13, 2024 Order, Defendant, Corporate America Lending, Inc., by this motion is refiling its Motion to Dismiss previously filed August 12, 2024.

### III. ARGUMENT

    **A.** **The Parties' Contract Specifies That Venue For Any Dispute Would Be In Blue Earth County, Minnesota. As This Court Is Not Located In Blue Earth County, Minnesota, This Case Must Be Dismissed On The Grounds Of Forum Non Conveniens.**

1. **When A Forum Selection Clause Specifies A County That Does Not Have A Federal Court, It Precludes Litigation In Federal Court.**

As stated above, the parties' forum selection clause provides that in "the event of a dispute, the parties agree that venue shall be in Blue Earth County, Minnesota." In violation of that provision, drafted by Plaintiffs, Plaintiffs have filed this action in this Federal District Court, which is not located in Blue Earth County, Minnesota.

As no federal courthouse exists in Blue Earth County, Minnesota, Plaintiffs cannot litigate in a federal court located in another county. *Smart Commc'ns. Collier Inc.*, 5 F.4th at 897 (forum selection provided that any litigation would be in Pope County, Arkansas and there was no federal court in Pope County. As a result, when a party sued in the federal district court in the Eastern District of Arkansas, the district court held that the clause precluded suit in federal court because there was no federal court in Pope County and dismissed the case.)

Likewise, in *City of Albany v. CH2M Hill, Inc.*, the parties' contract provided that "[v]enue for litigation shall be in Linn County, Oregon." 924 F.3d 1306. No federal courthouse was located in Linn County. Thus, the Court had little trouble in holding that "[a]n agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county." *Id.* at 1308. The court noted that the clear import of the venue selection clause was to ensure that litigation would take place within the geographic boundaries of the selected county so allowing the case to be heard in a federal court elsewhere would violate the plain terms of the parties' agreement. *Id.* Thus, the venue-selection clause precluded litigation in federal court because no federal court was

4

located in the selected county. *Id.* at 1309; *see also*, *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (forum selection clause stating that venue "shall be in Nassau County, New York" meant state courts, because there was no federal court located in Nassau County); *Bartels*, 880 F.3d at 674 (when there is no federal courthouse in the designated county, then hearing the dispute in a federal court outside the designated county is contrary to the forum selection clause).

### 2. Forum Selection Clauses Are Presumptively Valid And Enforceable.

Parties may contractually designate a forum where litigation is to take place. *See, e.g.*, *Atl. Marine Constr. Co.*, 571 U.S. at 63. In this district, forum selection clauses are presumptively valid and enforceable. *See, e.g.*, *Siebert v. Amateur Athletic Union of the U.S., Inc.*, 422 F.Supp.2d 1033, 1046 (D. Minn. 2006), citing *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999); *see also*, *M/S Bremen v. Zapata Off Shore Co.*, 407 U.S. 1, 15 (1972); *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014). Plaintiffs bear a "heavy burden of proof" to avoid a forum selection clause. *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 79 (8th Cir. 2006); *M/S Bremen*, 407 U.S. at 15; *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1294 (11th Cir. 2022). A forum-selection clause in a contract is not enforceable if the inclusion of the clause in the contract was the product of fraud or coercion. *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). As the Plaintiffs drafted the clause and presented the Master Agreement to CAL as non-negotiable, there can be no showing that it was hidden or overreaching or that is was the result of fraud by CAL.

Litigation commenced outside of the forum specified in the forum selection clause is subject to transfer under 28 U.S.C. 1404(a) if the contractually designated forum is a federal court, or to dismissal on forum non conveniens grounds if the alternative forum is a foreign country or state court. *Atl. Marine Constr. Co.*, 571 U.S. at 60 (2013). Here, the forum is not a federal court so transfer is not available. The forum designated in the forum selection clause need not be related to the parties or even to the location of the dispute or transaction as there are many reasons negotiating parties may choose a neutral forum and inconvenience of a party will not invalidate the choice. *M/S Bremen*, 407 U.S. at 13-18 (1972).

When the court evaluates dismissal on forum non conveniens grounds, it will engage in the same balancing of interests as when it considers a 28 U.S. Code § 1404(a) motion to transfer pursuant to a forum selection designating another federal forum. *Atl. Marine Constr. Co.*, 571 U.S. at 61 (2013). The usual deference given to the plaintiff's choice of forum does not apply because the plaintiff's 'venue privilege' has already been exercised in the forum selection clause. *Atl. Marine Constr. Co.*, 571 U.S. at 63. Also, by agreeing to a forum selection clause, the parties waive the right to challenge the designated forum on the basis of private interest factors, such as convenience of the parties and witnesses, and the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine Constr. Co.*, 571 U.S. at 64; *In re McGraw-Hill Glob. Educ. Holdings, LLC*, 909 F.3d 48, 57 (3d Cir. 2018). While public interest factors may still be considered, they will "rarely defeat a transfer motion" and "the practical result is that forum selection clauses should control except in unusual cases." *Id.* at 57-58.

Thus, as the parties have entered into a valid agreement explicitly designating Blue Earth County, Minnesota as the venue for disputes, this lawsuit must be dismissed on forum non conveniens grounds.

## IV. **CONCLUSION.**

This litigation was commenced outside of the forum specified in a valid forum selection clause, Blue Earth County, Minnesota, and therefore this case should be dismissed on the basis of forum non conveniens.

Dated: February 24, 2025                Respectfully submitted,

*/s/ Barry W. Lee*
Barry W. Lee (pro hac vice)
Misa K. Eiritz (pro hac vice)
**MANATT, PHELPS & PHILLIPS, LLP**
One Embarcadero Center, 30th Floor
San Francisco, California 94111
(415) 291-7400
bwlee@manatt.com
meiritz@manatt.com


*/s/ C. Russell Georgeson*
C. Russell Georgeson (pro hac vice)
**GEORGESON LAW OFFICES**
7491 North Remington Ave., Suite 100
Fresno, CA 93711
Telephone: (559) 447-8800
crgdanelaw@sbcglobal.net

**Attorneys for Defendant, CORPORATE AMERICA LENDING, INC.**