UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,<br><br>    Plaintiffs,<br><br>v.<br><br>Corporate America Lending, Inc.,<br><br>    Defendant. | Civ. No. 24-1896 (JWB/ECW)<br><br>**ORDER<br>APPOINTING RECEIVER** |

---

Chris Lovrien, Esq., David J. Feder, Esq., Joseph James Boylan, Esq., and W. Anders Folk, Esq., Jones Day, counsel for Plaintiffs.

Barry W. Lee, Esq,. Misa Eiritz, Esq., and Noro Mejlumyan, Esq., Manatt, Phelps & Phillips; Joseph T. Dixon, III, Esq., and Natasha T. Robinson, Esq., Fredrikson & Byron, P.A.; and Clarence Russell Georgeson, Esq., Georgeson Law Offices, counsel for Defendant.

---

This matter returned to federal court on a motion by Plaintiffs Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLSA (collectively "Compeer") to confirm interim and partial final arbitration awards issued by the Merits Panel in AAA Case No. 01-24-0005-4234. (Doc. No. 76.) Defendant Corporate America Lending, Inc. ("CAL") also renewed its motion to dismiss for forum non conveniens. (Doc. No. 107.)

Based on the recommendation from the Merits Panel in its February 4, 2025 Partial Final Award on Phase I, the Parties were also ordered to submit additional materials regarding whether to appoint a receiver. (Doc. No. 97.) Compeer submitted a letter brief on the legal and factual basis for a receiver, a proposed order, and the names

and qualifications of two proposed receivers. (Doc. Nos. 100–102.) CAL responded with a letter in opposition and its own proposed order. (Doc. Nos. 110, 111.)

The Parties appeared for a hearing on all three matters on March 26, 2025, where the Court denied CAL's motion to dismiss, granted Compeer's motion to confirm, and found that a receiver was warranted, with the specific terms of the receivership to be entered separately. (Doc. No. 114.)

## ORDER

Having considered the parties' submissions, and for the reasons stated at the March 26, 2025 hearing, **IT IS HEREBY ORDERED** as follows:

1.  The factual and legal basis for appointing a receiver are present, as detailed on the record at the March 26, 2025 hearing.

## APPOINTMENT OF RECEIVER

2.  **Scott Avila** is appointed as the Receiver over the assets of Defendant Corporate America Lending, Inc. as described in this Order, and the authority granted to the Receiver is self-executing.

3.  "Receivership Property" means the Payoff Proceeds, and any funds, accounts, or property into which those proceeds were deposited, transferred, or otherwise commingled, or which may be lawfully recovered in satisfaction of the arbitration awards confirmed by this Court. The Receiver shall have authority to investigate Defendant's finances for the limited purpose of identifying and recovering such assets.

4.  "Payoff Proceeds" includes the $57,146,398.93 principal sum identified in the Merits Panel's February 4, 2025 award, together with all additional amounts awarded

to Plaintiffs by the Merits Panel, including (1) pre- and post-award interest at 10% per annum; (2) attorneys' fees and costs; and (3) sanctions or other monetary relief, all of which shall be deemed Receivership Property to the extent necessary to enforce the Merits Panel's final determinations.

5. Defendant and its current or former agents, representatives, and any entities in which Defendant holds an interest, and all employees, attorneys, agents, officers, directors, members, partners, and/or representatives thereof, including without limitation Ron Cook and Alex Aretakis, (i) must cooperate with the Receiver in the Receiver's performance of his duties by making themselves reasonably available to assist him as requested; (ii) take all necessary steps to comply with this Order and other orders of the Court, and with all applicable law and rules; and (iii) are enjoined from interfering with, secreting, removing, damaging or disabling the use, management, possession and control of Receivership Property. They shall make immediately available and turn over to the Receiver, if requested, all records concerning Defendant and the Receivership Property so that the Receiver may adequately account for any funds constituting Payoff Proceeds.

6. Upon the request of the Receiver, the United States Marshals Service or any state, county, or local policing authority, as the case may be, in any judicial district, is authorized assist the Receiver in carrying out his duties to take and secure possession, custody, and control of, or identify the location of, any assets, records or other materials that are Receivership Property under this Order.

7. Defendant and any third parties receiving notice of this Order shall surrender to the Receiver all Receivership Property, including any money held in

accounts maintained by Defendant at any financial institution.

8. All banks, commodity firms, brokerage firms, financial institutions, and other persons or entities, which have possession, custody, or control of any Receivership Property in Defendant's name that receive actual notice of this Order by personal service, electronic mail or otherwise are prohibited from:

    a. Liquidating, selling, conveying, or otherwise transferring any Receivership Property, except upon instructions from the Receiver; or

    b. Exercising any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refusing to transfer any Receivership Property to the Receiver's control without the permission of this Court.

Further, all such institutions shall:

    a. Within five (5) business days of receipt of notice, serve on the Receiver a certified statement setting forth, with respect to any such Receivership Property, the balance in the account or a description of the assets as of the close of business on the date that notice was received; and

    b. Cooperate expeditiously in providing information and transferring Receivership Property to the Receiver at his direction.

## AUTHORITY OF RECEIVER

9. Immediately upon entry of this Order, and continuing until expiration or termination of the receivership, the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by Defendant's officers, directors, managers and shareholders under applicable state and federal law, by the governing charters, by-laws,

articles, or entity operating agreements, in addition to all powers and authority of a Receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Federal Rule of Civil Procedure 66. The Receiver is authorized, in the exercise of his discretion and subject to the control of this Court, to perform all acts necessary for the proper and lawful conduct of the receivership under all powers conferred upon a receiver under those provisions. Without limiting the foregoing, the Receiver may, in his discretion:

a. Take any and all actions the Receiver deems reasonable and appropriate to prevent waste of Receivership Property and to preserve, secure, manage, maintain, and safeguard Receivership Property;

b. Access Defendant's books and records with respect to operation of the Defendant and other property subject to this Order, but shall share access to those records with Defendant as needed;

c. Take and have complete and exclusive control and possession of Defendant's assets, including deposit accounts, commodity accounts, brokerage accounts, accounts receivable, or any other similar accounts comprising Receivership Property, including any held at any financial or other institution, and this Order shall constitute direction to any such institution(s) to grant the Receiver full access to all such accounts;

d. Investigate Defendant's financial records and account information to identify, locate, and segregate the Payoff Proceeds from Defendant's other assets. The Receiver shall have full authority to access and review all of

    Defendant's books, records, and financial systems as necessary to identify, trace, and recover the Payoff Proceeds and enforce the Merits Panel awards. Plaintiffs may request access to such records through the Receiver. If the Receiver declines to share specific information, Plaintiffs may seek Court approval to compel such access, which may be referred to the Magistrate Judge as appropriate. The Receiver must comply with orders of the Court and Merits Panel to produce documents to the parties;

e. Deliver all amounts awarded by the Merits Panel and entered by this Court, including the Payoff Proceeds, once segregated from Defendant's other assets, to Plaintiffs as required by the Merits Panel and this Court;

f. Have authority to employ and pay such competent professionals to represent or assist the Receiver in carrying out his duties. The Receiver must file with the Magistrate Judge a request to approve the retention that includes the proposed compensation and discloses any potential conflicts of interest. Any party in interest may file an opposition to a retention request within 14 days after the request. The Receiver and any professional retained by the Receiver shall be paid by the Receiver from the Receivership Property in the same manner as other expenses of administration and without separate orders, but subject to the procedures, safeguards, and reporting that the Court may order;

g. Communicate with or serve this Order upon any person, entity, or government office that he deems appropriate to inform them of the status of

this matter or the financial condition of the Receivership Property. All government offices which maintain public files of security interests in personal property shall, consistent with such office's applicable procedures, record this Order upon the Receiver's request. Any person or entity that receives a copy of this Order by hand delivery, mail, email, or any other means, shall have notice of this Order and be bound by its terms; and

    h. Issue subpoenas from any state or federal court for the purposes of carrying out the rights and duties set forth herein.

10. The Receiver shall act as a fiduciary for the Receivership Property and shall remain impartial. The Receiver shall not share records or materials with either party except in furtherance of the Receiver's duties under this Order. In the event of a dispute over disclosure or privilege, the Receiver shall seek direction from the Court.

## MISCELLANEOUS PROVISIONS

11. **Reporting and Review.** Beginning 30 days from the date of this Order, and then every 60 days until discharge, the Receiver shall provide a written report to the Court, the Merits Panel, and the Parties to this action regarding the findings of its investigation, the performance of its rights and duties as set forth in this Order, and the progress of the receivership. The Court shall assess the Receiver's scope and authority upon receiving each report.

12. **Access to Privileged Information.** Nothing in this Order shall be construed to waive or abrogate the attorney-client privilege, work product doctrine, or other applicable protections. If the Receiver encounters documents or communications

that may be subject to such privileges, the Receiver shall refrain from review and promptly notify the Magistrate Judge for further instruction.

13. **Fees and Expenses.** The Receiver shall be compensated at the rate of **$850.00** per hour, which is the standard hourly rate for the Receiver. The Receiver shall also be reimbursed for reasonable business and travel expenses associated with the receivership. These fees and expenses are to be paid from the proceeds of the Receivership Property. Any objections to the Receiver's charged fees or expenses must be filed with the Magistrate Judge and served on the parties within fourteen (14) days of receiving the Receiver's statement. A hearing will be scheduled if necessary.

14. **Discharge.** The Receiver shall serve continuously until this Court terminates the receivership or appoints a substitute receiver. This Court will receive for approval an accounting of cash receipts and disbursements by the Receiver during his administration.

15. **Qualifications and Bond. Scott Avila** is qualified to serve as a Receiver and an officer of the Court. The Receiver shall post a bond in the amount of $100,000 within 14 business days of this Order, which may be reimbursed from Receivership Property. The appointment is effective immediately and shall not be delayed pending filing of the bond.

16. **Business Continuity Protection.** Nothing in this Order shall be construed to prohibit Defendant from continuing lawful business operations in the ordinary course of business, provided such operations are supervised by the Receiver and do not interfere with the segregation, recovery, or return of Receivership Property. The Receiver shall

permit such operations only to the extent they do not impair or frustrate the purposes of this Order.

Date: March 27, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge