UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,<br><br>          Plaintiffs,<br><br>v.<br><br>Corporate America Lending, Inc.,<br><br>          Defendant. | Civ. No. 24-1896 (JWB/ECW)<br><br>**ORDER TO SHOW CAUSE RE: MISREPRESENTATIONS REGARDING AVAILABILITY OF FUNDS** |

Chris Lovrien, Esq., David J. Feder, Esq., Joseph James Boylan, Esq., and W. Anders Folk, Esq., Jones Day, counsel for Plaintiffs.

Barry W. Lee, Esq,. Misa Eiritz, Esq., and Noro Mejlumyan, Esq., Manatt, Phelps & Phillips; Joseph T. Dixon, III, Esq., and Natasha T. Robinson, Esq., Fredrikson & Byron, P.A.; and Clarence Russell Georgeson, Esq., Georgeson Law Offices, counsel for Defendant.

On May 29, 2024, this Court held a conference to answer a fundamental factual question: Where was the money? Specifically, the Court sought clarity on the location and preservation of over $58.1 million in Payoff Proceeds received by Defendant Corporate America Lending, Inc. ("CAL") in connection with the Famoso Loans. This inquiry was not peripheral—it was the sole purpose of the conference, as reflected in the transcript and the Court's Order issued the same day. (Doc. Nos. 29, 33.) The funds and who is entitled to them is the central dispute in this matter.

In response to this direct question, counsel for CAL offered a declaration from CEO Ron Cook stating vaguely that he was "willing to enter an agreement" to preserve

the funds. (Doc. No. 30 at 2.) This assurance, presented as if responsive, did not address the Court's actual concern: whether the funds had already been spent or dissipated in some other way. At the same conference, CAL's counsel, Barry Lee, asserted that "there should not be a concern about the availability of funds," while simultaneously admitting when pressed that he did not know where the funds were. (*See* Doc. No. 33 at 6–8.) Nonetheless, the reassurances continued.

The Court relied in part on these representations in issuing an Order to Preserve Funds. (Doc. No. 32.)

It has since become clear—based on the confirmed arbitration awards and related findings—that these representations were not merely incomplete, but materially false. By May 6, 2024—weeks before the May 29 conference—CAL had already transferred over $35 million of the Payoff Proceeds to others, apparently without collateral or documentation. These transfers were concealed from the Court at a time when CAL's attorneys had an obligation to be forthright.

This was not an isolated misstep. On May 2 and 3, 2024—after CAL had received the full $58.1 million payoff—CAL's COO, Alex Aretakis, who had personally signed the April 25 payoff demands, falsely told Compeer that he was unaware of any loan payoff activity, or any funds having been received. He reiterated this denial by email, claiming he had no knowledge of the status of the loans or CAL's accounts. These statements flew in the face of CAL's actual receipt of the funds on April 29 and were made to conceal the payoff and the status of the funds. Along with other acts, a pattern of concealment lends further weight to the conclusion that the May 29 statements to this

2

Court were, at minimum, recklessly misleading.

An explanation is necessary.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that attorneys Barry Lee, C. Russell Georgeson, and any other attorney who assisted in preparing, submitting, or defending the May 29, 2024 Cook declaration or made representations at the May 29 conference regarding the Payoff Proceeds, shall show cause in writing within 14 days why they should not be sanctioned under:

1. Federal Rule of Civil Procedure 11(c), for filing or advocating factual contentions lacking evidentiary support or that were misleading;

2. 28 U.S.C. § 1927, for unnecessarily multiplying these proceedings; and/or

3. This Court's inherent authority to sanction litigation conduct that misleads the tribunal or wastes judicial resources.

The response must address, each in a separate section:

- Whether they are presently holding any portion of the Payoff Proceeds, including the approximately $23 million reportedly placed in Mr. Georgeson's trust account;

- Whether the structure and status of those funds complies with the Court's May 29 Order or the multiple escrow orders issued by the Emergency Arbitrator and Merits Panel;

- Their role in receiving, retaining, or supervising any part of the Payoff Proceeds;

- Their role in preparing or submitting the May 29 Ron Cook declaration at issue;

- What they knew about any disposition of the funds;

- When they knew it;

3

- What steps, if any, they took to verify the accuracy of the representations to the Court around the May 29 conference and in the Cook declaration;

- Why they failed to notify the Court of the transfers or correct the record once they knew the May 29 representations were false or misleading.

This is not yet a disciplinary proceeding but a serious threshold inquiry. A hearing will be scheduled if necessary.

For clarity, Joseph T. Dixon III and Natasha T. Robinson served as local counsel and, to the Court's knowledge, were not involved in drafting, submitting, or defending the Cook declaration or related representations. They are not subject to this Order.

Date: March 27, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge