# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452

TELEPHONE: +1.213.489.3939 • JONESDAY.COM

Direct Number: +1.213.243.2175
jboylan@jonesday.com

June 10, 2025

VIA ECF

The Honorable Elizabeth Cowan Wright
United States Magistrate Judge, District of Minnesota
United States District Court
316 N. Robert Street
St. Paul, Minnesota 55101

    Re:    *Compeer Financial, ACA, et al. v. Corporate America Lending, Inc.*,
            Case No. 24-cv-1896-JWB-ECW (D. Minn.)

Dear Judge Cowan Wright,

    In accordance with this Court's June 6, 2025 Minute Order, ECF No. 188, we write to provide the Court with the date range encompassed by Plaintiffs' requests for bank statements that are the subject of the Receiver's Motion for Continued Sealing.

    The period included in Plaintiffs' request to the Receiver is April 28, 2024 to the present. April 21, 2025 Letter to Receiver, at 1. More generally, and in accordance with the Minute Order, Plaintiffs' October 7, 2024 Requests for Production in the underlying arbitration sought bank statements (among other things) for the period of January 2024 to the present. Agri-Access's RFPs, at Request No. 3.[1]

    These documents, among others, were the subject of multiple orders in the underlying arbitration. CAL was first ordered to produce them by the Emergency Arbitrator—orders which were later confirmed into the judgment issued by Judge Blackwell on March 28, 2025. *See* ECF No. 120 (March 28 Judgement); ECF No. 121 (Attachments to March 28 Judgment), Ex. 2C ¶¶ 9B, 9D ("CAL is ordered to produce all documentation related to any transfer of any portion of the Payoff Proceeds, including bank statements, investment contracts or agreements, communications with third parties"); *see also* ECF No. 121, Ex. 2-B ¶¶ 6A-C (ordering CAL to provide (a) information showing the identification of each account holding any portion of the Payoff Proceeds; (b) information regarding each transfer of the Payoff Proceeds, including the dates, amounts, accounts and recipients of such transfer; and (c) the balance of each account holding any portion of the Payoff Proceeds). They were also the subject of a discovery dispute and several orders of the Merits Panel, which required CAL to produce "all such documents

---

[1] The full text of RFP No. 3 is: "All Documents and Communications Related To the receipt, deposit, handling, transfer, and/or disposition of the Payoff Proceeds or any portion thereof. The time period for this request is limited to January 2024 to the present."

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

June 10, 2025
Page 2

responsive to [Agri-Access's] requests 3 and 19." November 7, 2024 Order on Disputed Document Requests; December 2, 2024 Second Supplemental Order on Disputed Document Requests ("CAL shall produce all documents responsive to each of the following categories not later than December 6, 2024: 1. Claimant's Requests 3, 15, 16, 19, and 20 (as modified) per the Order of November 7, 2024…").

Thus, although Plaintiffs' request to the Receiver only sought (at that time) bank statements from April 28, 2024 to the present, CAL has been ordered to provide—and Plaintiffs are therefore entitled to—bank statements from January 1, 2024 to the present. Bank statements from this period are necessary to provide Plaintiffs with sufficient context and historical transactional data to allow Plaintiffs to identify the average balance of CAL's primary accounts and assess the regularity (or irregularity) of monthly transactions immediately preceding CAL's theft in order to evaluate which funds that flowed into and out of CAL's accounts actually constitute the Payoff Proceeds. Without understanding the balances of CAL's accounts that received the proceeds from the repayment of the Famoso Loans on April 29, 2024, Plaintiffs will not be able to identify with certainty which funds or portions of funds that flowed out of CAL's accounts after April 29 constituted Payoff Proceeds. Nor should Plaintiffs be required to simply accept CAL's word as to which transactions constitute Payoff Proceeds. As evidenced by the Receiver's statements on the record at the June 6 Hearing, CAL's *current* position as reflected in submissions to Your Honor (*see* ECF No. 187) is "inconsistent with reality, is inconsistent with the receiver's findings" and in fact completely omitted that the funds described in CAL's submissions "were subsequently transferred back into CAL's accounts at later dates . . . and then disbursed again." June 6 Hearing Tr. at 10:5-12, 16:3-5.

Respectfully submitted,

/s/ *Joseph J. Boylan*

Joseph J. Boylan

cc:   All counsel of record (via ECF)