UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA, | Civ. No. 24-1896 (JWB/ECW) |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF RECEIVER'S SECOND MOTION FOR PAYMENT OF FEES AND EXPENSES** |
| Corporate America Lending, Inc., | |
| Defendant. | |

_____

T. Scott Avila, not individually, but solely in his capacity as Receiver appointed pursuant to the *Order Appointing Receiver*, dated March 27, 2025 (Docket No. 118) (the "Receivership Order"), hereby submits this *Memorandum in Support of Receiver's Second Motion for Payment of Fees and Expenses* (this "Memorandum") in support of the *Receiver's Second Motion for Payment of Fees and Expenses* (Docket No. 200) the "Monthly Statement").

**INTRODUCTION**

**A.   Overview**

1.   On May 21, 2024, Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA f/k/a AgStar Financial Services, FLCA, each of which conduct certain business as Agri-Access (collectively, "Agri-Access") filed a *Complaint for Injunctive Relief in Aid of Arbitration* seeking to recover approximately $58 million dollars (the "Payoff Proceeds") from Corporate America Lending, Inc. ("CAL").

303437585v1

2. Compeer and CAL are parties to a Master Participation Agreement (the "MPA") that requires disputes arising from rights created by the MPA to be resolved through arbitration. In accordance with the MPA's arbitration provision, on May 14, 2024, Agri-Access commenced an arbitration proceeding against CAL administered by the American Arbitration Association under its Commercial Arbitration Rules (the "Arbitration Proceedings"). Pending the Arbitration Proceedings, Agri-Access sought injunctive relief from this Court to restore and secure the Payoff Proceeds pending resolution of the parties' disputes under the MPA in the Arbitration Proceedings.

3. As set forth in further detail in the *Plaintiffs' Memorandum of Law in Support of Motion to Confirm Arbitration Awards* (Docket No. 79) ("Arbitration Award Confirmation Memorandum"), two hearings were held before the Panel in the Arbitration Proceedings, following which the Panel issued its Partial Final Award on Phase I, finding that the Payoff Proceeds are the property of Agri-Access, that CAL has no right to retain the Payoff Proceeds, that CAL breached the MPA when it retained the Payoff Proceeds, that CAL's defenses to that breach are meritless, and that Agri-Access is entitled to recover the entire unpaid amount of the Payoff Proceeds, plus interest, attorneys' fees, and costs. *See* Arbitration Award Confirmation Memorandum at 2. In addition, the Panel in its Partial Final Award on Phase I recommended that the Court appoint a receiver to, among other things, effectuate the terms of the Partial Final Award. *See* Order on Motion to Dismiss and Motion to Confirm Arbitration Awards (Docket No. 117), Ex. 1 ¶ 13.

4. On March 27, 2025, the Court entered the Receivership Order, appointing the Receiver with all powers, authorities, rights and privileges over the assets of CAL.

Pursuant to Paragraph 9(f) of the Receivership Order, the Receiver has authority to employ and pay professionals to represent him in carrying out his duties under the Receivership Order.

### B. Retention of Professionals

5. On April 18, 2025, the Court entered two orders authorizing the employment of Paladin Management Group ("Paladin") as Financial Advisor to the Receiver (Docket No. 157) and Katten Muchin Rosenman LLP ("Katten") as Counsel for the Receiver (Docket No. 158). The Court authorized the Receiver to perform his duties at $850.00 per hour. *See* Memorandum of Law in Support of Receiver's Motion for Order Authorizing Employment of Paladin Management Group as Financial Advisor *Nunc Pro Tunc* (Docket No. 153), ¶ 16 ("Paladin Employment Motion"); Order (Docket No. 157).

### C. Compensation Procedures

6. The Receivership Order provides that the "Receiver and any professional retained by the Receiver shall be paid by the Receiver from the Receivership Property in the same manner as other expenses of administration and without separate orders, but subject to the procedures, safeguards, and reporting that the Court may order." Receivership Order, ¶ 9(f).

7. The compensation procedures proposed by the Receiver and approved by the Court require the Receiver to file a motion on or before the 30th day of each month following the month for which compensation is sought requesting final allowance and approval of the fees and expenses incurred by each of Paladin and Katten for the prior month (each, a "Monthly Statement") and serve such Monthly Statement on Agri-Access,

3

CAL, and all parties receiving ECF Notice (collectively, the "Notice Parties")." *See* Paladin Employment Motion, Docket No. 153, ¶ 21(a); Memorandum of Law in Support of Receiver's Motion for Order Authorizing Employment of Katten Muchin Rosenman LLP As Counsel *Nunc Pro Tunc* ("Katten Employment Motion"), Docket No. 147, ¶ 20(a). The compensation procedures also require that the Monthly Statement contain detailed summaries of the fees and expenses incurred, allowing privileged material or attorney work product to be redacted from any invoices or time records submitted with the Monthly Statement. Paladin Employment Motion, ¶ 21(a); Katten Employment Motion ¶ 20(a).

## REQUEST TO PAY FEES AND EXPENSES

8. Paladin and Katten have incurred the following fees and expenses in May 2025 (the "Fee Period"):

    a. Paladin: $83,326.77 ($83,326.77 in fees and $0.00 in expenses, *see* **Exhibit A** attached to the *Declaration of T. Scott Avila in Support of Receiver's Second Motion for Payment of Fees and Expenses*, filed contemporaneously herewith);[1] and

    b. Katten: $103,105.23 ($102,756.00 in fees and $349.23 in expenses, *see* **Exhibit B** attached to the *Declaration of T. Scott Avila in Support*

---

[1] Because the Receiver is a partner at Paladin, the fees and expenses incurred by the Receiver are included in and billed through Paladin's statement for the Fee Period. In addition, the Fee Period for Paladin also includes an administrative fee for the month of April, which was inadvertently omitted from the Receiver's First Motion for Payment of Fees and Expenses.

4

*of Receiver's Second Motion for Payment of Fees and Expenses*, filed contemporaneously herewith).

9. Although every effort has been made to include in this Monthly Statement all fees and expenses incurred in the Fee Period, some fees and expenses may not be included herein due to delays caused by accounting and processing during the Fee Period. The Receiver reserves the right to make further application to this Court for allowance of fees and expenses not included herein.

10. Notice of this Monthly Statement will be provided to the Notice Parties pursuant to the compensation procedures.

11. Pursuant to the compensation procedures, the Notice Parties shall have fourteen days following the filing of this Monthly Statement (the "Objection Period") to review the Monthly Statement. Objections to the fees or expenses (a "Notice of Objection") in the Monthly Statement must be served (but not filed with the Court) on the Receiver and Katten. A notice of Objection must state the nature of the objection with reasonable specificity and identify the amount of the fees or costs to which the objection is made.

12. If no Notice of Objection is served within the Objection Period, the Receiver requests that the fees and expenses set forth in the Monthly Statement be allowed on a final basis. The Receiver requests authority to pay, within three (3) business days of the expiration of the Objection Period, one hundred percent (100%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Statement.

303437585v1

## CONCLUSION

**WHEREFORE**, the Receiver respectfully submits this Memorandum as of the date written below.

Dated: June 20, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

/s/ *Ethan D. Trotz*
Ethan D. Trotz (Minn. Bar No. 0505235)
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5516
Email: ethan.trotz@katten.com

John E. Mitchell[*] (Tex. Bar No. 00797095)
Yelena E. Archiyan[*] (Tex. Bar No. 24119035)
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Email: john.mitchell@katten.com
        yelena.archiyan@katten.com

C*ounsel for Receiver T. Scott Avila*

[*] *Admitted pro hac vice*

6