UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial, FLCA, | Case No. 24-cv-01896 (JWB/ECW) |
| Plaintiffs, | |
| v. | ORDER |
| Corporate America Lending, Inc., | |
| Defendant. | |

This matter is before the Court on the Receiver T. Scott Avila's ("the Receiver") First Motion for Payment of Fees and Expenses ("Motion" or "First Motion") (Dkt. 181). For the reasons stated below, the First Motion is granted and the amounts sought approved.

## I.  BACKGROUND

On March 27, 2025, U.S. District Judge Jerry W. Blackwell ordered the appointment of the Receiver over the assets of Defendant Corporate America Lending, Inc. ("CAL") to identify and recover assets to satisfy awards issued by the Merits Panel in AAA Case No. 01-24-0005-4234.  (*See* Dkt. 118 ("Receivership Order").)  The Receivership Order states that the Receiver shall be compensated at a rate of $850.00 per hour and permits reimbursement for his "reasonable business and travel expenses associated with the receivership."  (*Id.* ¶ 13.)  Those fees and expenses are to be paid from the Receivership Property, and any objections to the charged fees and expenses

must be filed with the undersigned and served on the parties within fourteen days of receiving the Receiver's statement. (*Id.*)

The Receivership Order also gave the Receiver the authority to employ and pay professionals to represent or assist him in carrying out his duties. (*Id.* ¶ 9(f).) Such professionals "shall be paid by the Receiver from the Receivership Property in the same manner as other expenses of administration and without separate orders, but subject to the procedures, safeguards, and reporting that the Court may order." (*Id.*) On April 18, 2025, the Court authorized the Receiver's retention of Katten Muchin Rosenman LLP ("Katten") as his counsel and Paladin Management Group ("Paladin") as his financial advisor, effective March 27, 2025, based on the parties' stipulations. (Dkts. 157-58 (orders); *see also* Dkts. 144, 149, 151, 155 (motions and stipulations); Dkt. 147 ¶¶ 6, 10 (Katten retention date); Dkt. 153 ¶¶ 9, 12 (Paladin retention date).)

As of April 15, 2025, Katten anticipated charging fees of between $520 and $1,470 per hour for its work, and had received a $375,000 initial retainer for its fees and expenses. (*See* Dkt. 145-1 at 1.) Paladin anticipated charging $850 per hour for the Receiver and between $425 and $795 per hour for its other members, and also had received a $375,000 initial retainer as of April 16, 2025. (Dkt. 152-1 at 3; *see* Dkt. 152 ¶¶ 14, 17.) Katten and Paladin intend to set off their respective requested fees and expenses against the retainers upon approval of the fees and expenses by the Court. (Dkt. 182 at 6 n.3.) In the First Motion, the Receiver seeks expenses and fees for work completed by Katten and Paladin from their retention on March 27, 2025 through April

30, 2025.  (*See* Dkt. 185 ¶¶ 6, 9.)  No party filed objections to the amounts sought by the Receiver or any other response to the First Motion.

However, because it appeared from the First Motion that the Receiver did not follow the fee approval procedures he proposed when seeking authorization to employ Paladin and Katten, on June 26, 2025, the Court held a status conference with the Parties and the Receiver.  (Dkt. 209.)  The Court heard from the Receiver regarding the procedures he followed in filing the Motion; confirmed that Plaintiffs and Defendant did not object to the fees and expenses sought by the Motion; set forth procedures for future fee and expense Motions by the Receiver; and ordered the Receiver to file a letter clarifying or correcting the hourly fees sought by Katten given the disparity between the estimated fees set forth in his briefing in support of Katten's retention (*see* Dkt. 146 ¶¶ 18, 22) and the fees charged for the work in the Motion (*see* Dkt. 185-2 at 12).  (*See* Dkt. 209.)  On June 27, 2025, the Receiver filed a letter explaining that the fees sought by Katten in the Motion were consistent with those set forth in Katten's engagement letter (Dkt. 145-1 at 2), but that the fees table in the Memorandum of Law in Support of Receiver's Motion for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel *Nunc Pro Tunc* incorrectly reflected Katten's 2024 (not 2025) billing rates (*see* Dkt. 145-1).  (Dkt. 208.)

## II.   COMPENSATION PROCEDURES

Pursuant to Paragraph 9(f) of the Receivership Order, the Court sets forth the following procedures for the Court's review of payments to Katten and Paladin and safeguarding of such payment from the Receivership Property.  (*See* Dkt. 118 ¶ 9(f).)

3

1.  On or before the 30th day of each month following the month for which compensation is sought, the Receiver must file a Motion with the Court that requests final allowance and approval of the fees and expenses incurred by the Receiver and his employees for the prior month (each, a "Monthly Statement") and serve such Monthly Statements on Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA; Defendant Corporate America Lending; and all other parties receiving ECF notifications (collectively, "the Notice Parties"). This Motion shall include two Monthly Statements, one for Paladin Management, to include the fees and costs individually accrued by the Receiver, and one for Katten. Monthly Statements must contain detailed summaries of the fees and expenses incurred, including the hours billed by each relevant employee and their billing rate. Privileged material or attorney work product may be redacted from any invoices or time records submitted with the Monthly Statements.

2.  The Notice Parties will have fourteen (14) days following the filing of the Motion (the "Objection Period") to review the Monthly Statement and serve (but not file) a Notice of Objection on the Receiver and all other Notice Parties. A Notice of Objection must state the nature of the objection with reasonable specificity and identify the amount of the fees or costs to which the objection is made. A Notice of Objection must be made in good faith. If there are no objections, the Receiver must file a Certificate of No Objection with the Court the day after the Objection Period closes.

3.  If any Notice Party timely serves a Notice of Objection, the Notice Parties and the Receiver must meet and confer and attempt to resolve the objection. If they are

unable to reach a resolution within five (5) business days after service of the Notice of Objection ("Meet and Confer Period"), unless otherwise extended by agreement, the objecting party must file a written objection with the Court. The Court will consider and dispose of any filed objections on a final basis at a hearing or after taking the matter under advisement. If the objection relates to whether a redacted time entry is privileged or attorney work product, the Court may review the unredacted time entries *in camera* to resolve the objection.

      4.      Following the close of the Objection Period and the Meet and Confer Period, if any, the Court will review the pending Motion for fees and expenses along with any Notices of Objection and issue an Order in due course. Fees and/or expenses requested in the Motion and as detailed in the Monthly Statements will be awarded to the Receiver, Katten, and Paladin on a final basis if such fees and expenses are reasonable. *See Trs. Corp. v. Kansas City, M. & O. Ry. Co.*, 26 F.2d 876, 880-81 (8th Cir. 1928). The Receiver must pay Katten and Paladin within three (3) business days of the Court's award.

      **III.**    **ANALYSIS OF FIRST MOTION'S FEES AND EXPENSES**

The Receivership Order states that "[t]he Receiver and any professional retained by the Receiver shall be paid by the Receiver from the Receivership Property in the same manner as other expenses of administration and without separate orders, but subject to the procedures, safeguards, and reporting that the Court may order." (Dkt. 118 ¶ 9(f).) The Receivership Order does not set forth a specific hourly rate for Paladin and Katten employees, although the Orders authorizing their employment did include the anticipated

hourly rates. (*See* Dkt. 157-1 at 3; Dkt. 158-1 at 1.)  The Court evaluates the First Motion with this background in mind, incorporating a reasonableness standard as one of the safeguards. *See SEC v. Petters*, No. 09-CV-01750 (ADM/DJF), Dkt. 165 ¶ 55; *United States v. Petters*, No. 08-CV-5348 (ADM/TNL), Dkt. 12 at 14; *Fed. Trade Comm'n v. Sellers Playbook, Inc.*, No. 18-CV-2207 (DWF/TNL), Dkt. 29 at 32.

The Receiver filed his First Motion for Payment of Fees and Expenses on May 23, 2025.[1]  (Dkt. 181.)  The Receiver also filed supporting Monthly Statements detailing the work provided to the Receiver by Katten and Paladin. (Dkt. 185-1 (Paladin); Dkt. 185-2 (Katten).)  The Receiver seeks $253,585.41 (comprised of $250,197.00 in fees and $3,388.41 in expenses) for work completed by Katten between April 1, 2025 and April 30, 2025.  (Dkt. 182 ¶ 8(b); Dkt. 185 ¶¶ 9, 13; Dkt. 185-2 at 2.)  He also seeks $318,574.80 (comprised of $301,357.50 in fees and $17,217.30 in expenses) for work completed by Paladin between March 28, 2025 and April 30, 2025.  (Dkt. 182 ¶ 8(b); Dkt. 185 ¶¶ 6, 8; Dkt. 185-1 at 3.)  Because the Receiver is a partner at Paladin, the fees sought for his time were included in the fee request for Paladin.  (Dkt. 182 at 4 n.1; Dkt. 185 ¶ 6: *see* Dkt. 185-1 at 3-17.)  The Receiver states that he is "familiar with the rates charged in the market by attorneys performing services similar to those provided by Katten and certif[ies] that the requested rates are within the range charged by attorneys of comparable experience for work of a comparable nature and complexity." (Dkt. 185 ¶ 11.)  He further certifies that the stated work performed by Paladin and Katten was

---

[1] The Receiver filed a Second Motion for Payment of Fees and Expenses on June 20, 2025 (Dkt. 200).  The Court will consider that Motion in due course.

6

actually performed and necessary and that unnecessary or duplicative services were removed. (*Id.* ¶¶ 7, 12.) No Party objects to the Motion. (*See* Dkt. 209.)

The Court has reviewed the Monthly Statements supporting the Receiver's First Motion and finds the requested fees and expenses to be reasonable. The Court notes that the requested hourly rates are generally within the range contemplated by the Order authorizing Katten's and Paladin's employment and the time expended is reasonable in light of the complexity of this case. Consequently, the Court grants the Receiver's First Motion for Payment of Fees and Expenses and authorizes the Receiver to pay $253,585.41 to Katten and $318,574.80 to Paladin, offset by Katten and Paladin's existing retainer. However, the Court cautions Katten and Paladin that they should carefully consider their staffing levels for court proceedings and the investigation going forward, to ensure that those levels can withstand evaluation of whether the number of professionals billing time for those activities is truly necessary in future.

## IV.   ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Receiver's First Motion for Payment of Fees and Expenses is **GRANTED** (Dkt. 181);

2. Paladin is **ALLOWED** $301,357.50 in compensation for services rendered and $17,217.30 in expenses incurred from March 27, 2025 to April 30, 2025 on a final basis;

3. Katten is **ALLOWED** $250,197.00 in compensation for services rendered and $3,388.41 in expenses incurred from March 27, 2025 to April 30, 2025 on a final basis;

4. The Receiver is **AUTHORIZED** to pay Paladin $318,574.80 to be offset by Paladin's $375,000 retainer; and

5. The Receiver is **AUTHORIZED** to pay Katten $253,585.41 to be offset by Katten's $375,000 retainer.

DATED: July 1, 2025                        *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge