UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial, FLCA, | Case No. 24-cv-01896 (JWB/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Corporate America Lending, Inc., | |
| Defendant. | |

---

This matter is before the Court on the Receiver T. Scott Avila's ("the Receiver") Second Motion for Payment of Fees and Expenses ("Second Motion") (Dkt. 200). For the reasons stated below, the Second Motion is granted and the amounts sought approved.

The background of this action, including U.S. District Judge Jerry W. Blackwell's appointment of a Receiver, and the procedures the Receiver was ordered to use when seeking payment of fees and expenses, is set forth in the Court's July 1, 2025 Order (*see* Dkt. 213 at 1-5), and the Court will not repeat them here. Relevant to the Second Motion, in that July 1, 2025 Order, the Court authorized the Receiver to pay Paladin $318,574.80 to be offset by Paladin's $375,000 retainer and to pay Katten $253,585.41 to be offset by Katten's $375,000 retainer. (*Id.* at 7.) Based on these payments, the Court finds that $56,425.20 remains of Paladin's $375,000 retainer and $121,414.59 remains of Katten's $375,000 retainer.

The Receiver filed the Second Motion on June 20, 2025 (Dkt. 200),[1] seeking authorization to pay the expenses and fees for work completed by Katten and Paladin during the period of May 1, 2025 to May 31, 2025 ("the Fee Period").[2] (Dkt. 202 at 4; Dkt. 204 ¶¶ 6, 9.) The Receiver also filed supporting Monthly Statements detailing the work provided to the Receiver by Katten and Paladin.[3] (Dkt. 204-1 at 2 (Paladin); Dkt. 204-2 at 2 (Katten).) Specifically, the Receiver seeks $83,326.77 ($83,326.77 in fees and $0.00 in expenses) for payment to Paladin and $103,105.23 ($102,756.00 in fees and $349.23 in expenses) for payment to Katten for work completed during the Fee Period. (Dkt. 202 at 4; Dkt. 204-1 at 2; Dkt. 204-2 at 2.)

On July 28, 2025, the Receiver filed a Certificate of No Objection Regarding Receiver's Second Motion for Payment of Fees and Expenses certifying that the Receiver had not received any objection to the Second Motion from either Plaintiffs or Defendant and that neither Party filed such objection with the Court. (Dkt. 215.)

---

[1] The Receiver filed a Third Motion for Payment of Fees and Expenses on July 30, 2025 (Dkt. 216). The Court will consider that Motion in due course.

[2] In its Monthly Statement, Paladin also includes an "Administrative Fee per Engagement letter for April 2025" that was omitted from the First Motion. (Dkt. 204-1 at 3.)

[3] The Receiver informed the Court that "[a]lthough every effort has been made to include in this Monthly Statement all fees and expenses incurred in the Fee Period, some fees and expenses may not be included herein due to delays caused by accounting and processing during the Fee Period," and accordingly "reserve[d] the right to make further application to this Court for allowance of fees and expenses not included herein." (Dkt. 202 ¶ 9.)

The Court has reviewed the Monthly Statements supporting the Receiver's Second Motion and finds the requested fees and expenses to be reasonable given the work performed and the complexity of the issues. The Court notes that the requested hourly rates are the same as those approved in its July 1, 2025 Order. (*See* Dkt. 213 at 7.) Consequently, the Court grants the Receiver's Second Motion for Payment of Fees and Expenses and authorizes the Receiver to pay $103,105.23 to Katten and $83,326.77 to Paladin for the Fee Period. Katten's payment is to be offset by the $121,414.59 remaining of its $375,000 retainer. Similarly, Paladin's payment is to be offset by the $56,425.20 remaining of its retainer, where the remaining $26,901.57 in fees and expenses for the Fee Period is to be paid from the Receivership Property. (*See* Dkt. 118 ¶ 9(f).)

The Court again reminds Katten and Paladin that they should carefully consider their staffing levels and time billed going forward to ensure that both can withstand evaluation of whether the number of professionals billing time for those activities is truly necessary.

### ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Receiver's Second Motion for Payment of Fees and Expenses (Dkt. 200) is **GRANTED**;

2. Paladin is **ALLOWED** $83,326.77 in compensation for services rendered and $0.00 in expenses incurred from May 1, 2025 to May 31, 2025 on a final basis;

3

3. Katten is **ALLOWED** $102,756.00 in compensation for services rendered and $349.23 in expenses incurred from May 1, 2025 to May 31, 2025 on a final basis;

4. The Receiver is **AUTHORIZED** to pay Paladin $83,326.77, where $56,425.20 is to be offset by the remainder of Paladin's retainer, and $26,901.57 is to be paid from the Receivership Property; and

5. The Receiver is **AUTHORIZED** to pay Katten $103,105.23 to be offset by the $121,414.59 remaining of Katten's retainer.

DATED: August 11, 2025             *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge