UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial, FLCA, | Case No. 24-cv-01896 (JWB/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Corporate America Lending, Inc., | |
| Defendant. | |

This matter is before the Court on the Receiver T. Scott Avila's ("the Receiver") Third Motion for Payment of Fees and Expenses ("Third Motion") (Dkt. 216). For the reasons stated below, the Third Motion is granted and the amounts sought approved.

The background of the procedures governing the Receiver's payments to his retained employees are set forth in this Court's Order Granting the Receiver's First Motion for Payment of Fees and Expenses (Dkt. 213 at 1-5). On May 23, 2025, the Receiver filed his First Motion seeking authorization to pay the expenses and fees for work completed by Paladin Management Group ("Paladin") and Katten Muchin Rosenman LLP ("Katten") from March 27, 2025 to April 30, 2025. (Dkt. 181.) The Receiver sought $301,357.50 in fees and $17,217.30 in expenses incurred by Paladin, and $250,197.00 in fees and $3,388.41 in expenses incurred by Katten during that time period. (Dkt. 182.) The Court granted the First Motion on July 1, 2025, authorizing the

Receiver to pay Paladin $318,574.80 to be offset by Paladin's $375,000 retainer and to pay Katten $253,585.41 to be offset by Katten's $375,000 retainer. (Dkt. 213.)

The Receiver filed the Second Motion on June 20, 2025 (Dkt. 200), seeking authorization to pay the expenses and fees for work completed by Katten and Paladin in the month of May. (Dkt. 202 at 4.) Specifically, the Receiver sought $83,326.77 for payment to Paladin and $103,105.23 ($102,756.00 in fees and $349.23 in expenses) for payment to Katten for work completed that month. (*Id.*) The Court granted the Second Motion on August 11, 2025, authorizing the Receiver to pay Paladin $83,326.77, where $56,425.20 was to be offset by the remainder of Paladin's retainer, and $26,901.57 was to be paid from the Receivership Property, and to pay Katten $103,105.23, which was to be offset by Katten's retainer. (Dkt. 226.)

The Receiver filed a Third Motion for Payment of Fees and Expenses on July 30, 2025 (Dkt. 216) seeking authorization to pay the expenses and fees for work completed by Katten and Paladin in the month of June 2025 (Dkt. 218 at 4). The Receiver now seeks $54,113.02 for payment to Paladin ($48,693.75 in fees, $3,228.05 in expenses, and $2,191.22 in administrative fees), and $141,399.18 for payment to Katten ($139,813.65 in fees and $1,585.53 in expenses) for work performed and expenses incurred in June 2025. (*Id.*)

On August 14, 2025, the Receiver filed a Certificate of No Objection Regarding Receiver's Third Motion for Payment of Fees and Expenses, affirming that the Receiver had not received any objection to the Third Motion from either Plaintiffs or Defendant and that neither Party filed such objection with the Court. (Dkt. 227.)

2

The Court has reviewed the Monthly Statements supporting the Receiver's Third Motion and finds the requested fees and expenses to be reasonable given the work performed and the complexity of the issues. The Court notes that the requested hourly rates are the same as those approved in its July 1, 2025 and August 11, 2025 Orders. Consequently, the Court grants the Receiver's Third Motion for Payment of Fees and Expenses and authorizes the Receiver to pay $141,399.18 ($139,813.65 in fees and $1,585.53 in expenses) to Katten and $54,113.02 ($48,693.75 in fees, $3,228.05 in expenses, and $2,191.22 in administrative fees) to Paladin. Katten's payment is to be offset by the $18,309.36 remaining of its $375,000 retainer and $123,089.82 is to be paid from the Receivership Property. (Dkt. 118 ¶ 9(f).) Paladin's payment is to be paid from the Receivership Property. (Dkt. 118 ¶ 9(f).)

The Court continues to remind Katten and Paladin that they should carefully consider their staffing levels going forward to ensure that those levels can withstand evaluation of whether the number of professionals billing time for those activities is truly necessary in the future.

## ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. The Receiver's Third Motion for Payment of Fees and Expenses (Dkt. 216) is **GRANTED**;

2. Paladin is **ALLOWED** $48,693.75 in compensation for services rendered, $3,228.05 in expenses, and $2,191.22 in administrative fees incurred during the month of June 2025, for a total of $54,113.02, on a final basis;

3.      Katten is **ALLOWED** $139,813.65 in compensation for services rendered and $1,585.53 in expenses incurred during the month of June 2025, for a total of $141,399.18, on a final basis;

4.      The Receiver is **AUTHORIZED** to pay Paladin $54,113.02 to be paid from the Receivership Property; and

5.      The Receiver is **AUTHORIZED** to pay Katten $141,399.18, where $18,309.36 is to be offset by the remainder of Katten's retainer and $123,089.82 is to be paid from the Receivership Property.

DATED: August 28, 2025                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge