# Exhibit B

**IN ARBITRATION BEFORE THE**
**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| COMPEER FINANCIAL, ACA/FLCA/PCA, f/k/a/ AgStar Financial Services ACA/FLCA/PCA doing business as Agri-Access®,<br><br>Claimant,<br><br>vs.<br><br>CORPORATE AMERICA LENDING, INC.,<br><br>Respondent/Counterclaimant. | AAA Case No. 01-24-0005-4234<br><br>Arbitrators: Hon. Samuel Hanson (ret.)<br>Phillip Baker<br>Hon. Rick Solum (ret.) |

**DECLARATION OF C. RUSSELL GEORGESON RE CORPORATE AMERICA LENDING, INC.'S TRUST ACCOUNT AND ESCROWED FUNDS ON DEPOSIT**

I, C. Russell Georgeson, hereby declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and am the principal attorney at Georgeson Law Offices, one of the attorneys of record in this matter for Respondent/Counterclaimant, CORPORATE AMERICA LENDING, INC. ("Respondent/Counterclaimant"). I make this declaration of my own personal knowledge, except where otherwise qualified, and as to those things I believe them to be true. If called upon to testify regarding the contents of this declaration, I could and would testify competently thereto.

2. October 17, 2024 Respondent/Counterclaimant, CORPORATE AMERICA LENDING, INC. caused to be opened at Fresno First Bank, 7690 N. Palm Avenue, Fresno, California 93711 an account identified as "C. Russell Georgeson, as Trustee for Corporate America Lending, Inc." Into that account Respondent/Counterclaimant, CORPORATE AMERICA LENDING, INC. deposited $23,000,000.00. Attached here to as **Exhibit 1** are copies of the account identification and the deposit of $23,000,000.00.

3. This account and deposit has as its sole purpose to comply, in part, with previous orders regarding creation of an escrow account by Respondent/Counterclaimant, CORPORATE AMERICA LENDING, INC.

4. As the Trustee of Account No. Redacted, I am the sole person authorized to make withdrawals. The $23,000,000.00 in this account will be held in Trust until written instruction as to disposition signed by the Arbitration Panel in AAA Case No. 01-24-0005-4234, directed to the undersigned is received subsequent to final disposition of all claims pending, American Arbitration Association, State and Federal, between CORPORATE AMERICA LENDING, INC. and COMPEER FINANCIAL, FLCA, et al.

5. The account is an interest bearing account. Periodically, Fresno First Bank will deliver to me an account statement. When received I will forward to each panel member and

counsel a copy.

6. If for good cause my assumption of the duties of Trustee, my representations as an attorney at law, and the restrictions relating to this account are not acceptable, attached hereto as **Exhibit 2** is an Escrow Agreement template provided by the International Centre for Dispute Resolution, the international division of the AAA (collectively, "AAA"). I have been informed by my co-counsel, David A. Schwarz, that this form was previously utilized, accepted and approved by the AAA in an arbitration in which his firm, Sheppard Mullin, represented a party. Respondent/Counterclaimant, CORPORATE AMERICA LENDING, INC. is agreeable to adapting this template for use in this matter.

I have read the foregoing Declaration, consisting of 2 typewritten pages; and I hereby declare under penalty of perjury (as provided under the laws of the State of California and the United States of America) that the foregoing Declaration (including all of the facts and information contained therein) is true and correct, and that the foregoing Declaration was executed this 18th day of October 2024, in the County of Fresno, State of California.

C. Russell Georgeson

# Exhibit 1

FFB BANK

FFB.Bank 559-439-0200

October 17, 2024

Georgeson Law Offices, Trustee
ITF Corporate America Lending, Inc.
C. Russell Georgeson, Trustee
Fresno, CA 93711

To Whom It May Concern:

Please accept this letter as confirmation **Georgeson Law Offices, Trustee ITF Corporate America Lending, Inc.** established a demand deposit relationship with FFB Bank effective October 17, 2024.

The routing and account numbers are provided below:

**Routing Number:** Redacted

**Account Number:** Redacted

Please let me know if you have any questions regarding this information. My direct number is 559-348-5716.

Kindest regards,

Julie Ford
Relationship Manager

**Julie Ford**
VP, Treasury Relationship Manager
7690 N Palm Ave. Fresno CA 93711
Direct: 559-348-5716
Cell: 559-250-0099
jford@FFB.bank

Member FDIC
EQUAL HOUSING LENDER

GEORGESON LAW OFFICES, TRUSTEE
ITF CORPORATE AMERICA LENDING, INC.
C. RUSSELL GEORGESON TRUSTEE
7491 N. REMINGTON AVENUE SUITE 100
FRESNO CA 93711

Statement Date: **10/17/2024** Account No.: Redacte Page: **1**

## *BUSINESS MONEY MARKET SUMMARY*

**Type :** ****REG** **Status :** **Active**

| Category | Number | Amount |
|---|---|---|
| New Account On 10/17/24 | | 0.00 |
| Debits | | 0.00 |
| Automatic Deposits | 1 | 23,000,000.00+ |
| Ending Balance On 10/17/24 | | 23,000,000.00 |
| **Average Balance (Ledger)** | **23,000,000.00+** | |

## *ALL CREDIT ACTIVITY*

| Date | Description | Amount |
|---|---|---|
| 10/17/24 | TRANSFER FROM ACCOUNT - Redacte | 23,000,000.00 |

## *DAILY BALANCE SUMMARY*

Beginning Ledger Balance on 10/17/24 was .00

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 10/17/24 | 23,000,000.00 | | | | |

**This Statement Cycle Reflects 1 Days**

IMPORTANT MESSAGE! UPDATED TERMS & CONDITIONS AVAILABLE ON OUR WEBSITE. GO TO WWW.FFB.BANK - FORMS/DISCLOSURES. YOUR CONTINUED USE OF ACCOUNT INDICATES ACCEPTANCE.

**Direct Inquiries About Electronic Entries To:**
Phone: (559) 439-0200

# Exhibit 2

**ESCROW AGREEMENT**

We, the undersigned parties to a pending arbitration pursuant to the Rules of the American Arbitration Association (AAA), hereby acknowledge that there has been deposited with the AAA, by _________________________, the sum of $_________, hereinafter referred to as the escrow deposit, which shall be held in escrow under the following instructions:

**INSTRUCTIONS** The escrow deposit shall be distributed in accordance with the award of the arbitrator in the AAA Case No. 01-19-0001-1944 subject, however, to the following terms, exceptions, provisions and conditions which are acceptable to and approved by all of the parties signing these instructions:

1. Where the escrow deposit is placed with the AAA, the AAA shall be liable as a depository only, and shall not be responsible for the sufficiency or accuracy of the form, execution or validity of documents deposited hereunder, or any description of property or other thing therein, nor shall it be liable in any respect on account of the identity, authority, or rights of the persons executing or delivering or purporting to execute or deliver any such document or paper.
2. The AAA as part of the consideration for the acceptance of this escrow, shall not be liable for any acts or omissions done in good faith, nor for any claims, demands or losses, nor for any damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by its willful or gross negligence.
3. The AAA shall not be liable for interest on any deposit or money unless the parties to this agreement and the AAA signify otherwise in writing or unless otherwise required by the law.
4. The AAA shall not be liable for collection items until the proceeds of the same in actual cash have been received; nor shall it be liable for the default in payment of any installment of principal or interest, nor the outlawing of any rights under the Statute of Limitations in respect to any documents deposited. It may rely upon any paper, document or other writing believed by it to be authentic in making any delivery of money or property hereunder. The AAA shall in no way be responsible nor shall it be its duty to notify any party hereto or party interested in this escrow deposit of any payment or maturity under the terms of any instrument deposited herewith.
5. A fee of $______ has been agreed upon as compensation to the AAA for its services hereunder but it is agreed that a reasonable additional compensation shall be paid to it for any unusual or extraordinary services it may be required to render hereunder. It may employ attorneys for the reasonable protection of the escrow property and of itself and shall have the right to reimburse itself out of any funds in its possession for costs, expenses, attorney fees and its compensation and shall have a lien on all money, documents or property held in escrow to cover same.
6. In accepting any funds, securities or documents delivered hereunder it is agreed and understood between the parties hereto that the AAA will not be called upon to construe any contract or instrument deposited herewith, and shall be required to act in respect to the deposit herein made only upon the joint consent in writing, of the parties hereto, and in the failure of such agreement or consent, it reserves the right to hold any money in its possession, and all papers in connection with or concerning this escrow, until a mutual agreement has been reached between all of said parties or until delivery is legally authorized and ordered by final award of an arbitrator or final judgment or decree of a court of competent jurisdiction.
7. It is further agreed that the AAA at the termination of three years from date, shall have the right to consider this escrow contract of no further force and effect, and shall have the right to deliver the documents, moneys or instruments hereby deposited to the respective parties depositing such documents, moneys or instruments, and that redelivery of such documents, moneys or instruments shall relieve the said AAA from any further liability with reference thereto. This provision, however, may at any time be waived by the AAA and extension of the term of this escrow deposit may be entered into at any time by the mutual consent of the parties hereto, reduced to writing and delivered to and accepted by the AAA.
8. It is further understood and agreed between the parties that these instructions supersede any other contract with reference to this escrow deposit, insofar as said AAA is concerned and that the said AAA may rely absolutely hereon to the exclusion of any and all other agreements between the parties hereto.

The AAA shall have the discretion to deposit money placed in escrow with it in any bank of its choice in the United States, in a trust account paying no interest or savings account paying interest (except where forbidden by law).

Parties to Escrow Contract:

___________________________________

___________________________________

Accepted by:

Vice President: ___________________________________

Date: __________________, 20 ____

Fee agreed upon $_________________

Received by ____________, 20 ____

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS.
COUNTY OF FRESNO )

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action. My business address is: 7491 N. Remington Avenue, Suite 100, Fresno, California 93711.

On **October 18, 2024**, I served the foregoing document described as **DECLARATION OF C. RUSSELL GEORGESON RE CORPORATE AMERICA LENDING, INC.'S TRUST ACCOUNT AND ESCROWED FUNDS ON DEPOSIT** on the party/parties named below in said action by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope address as follows:

**VIA EMAIL ONLY**
**Hon. Samuel L. Hanson, Panel Member**
**shanson5510@outlook.com**

**Phillip A. Baker, Panel Member**
**pbaker@bknlawyers.com**

**Hon. Richard B. Solum, Panel Member**
**Solum.Rick@dorseyalumni.com**

**Rebecca Nako, Director of ADR Services**
**American Arbitration Association**
**rebeccanako@adr.or**

**VIA EMAIL ONLY**
**Joseph J. Boylan, Esq.**
**Christopher Lovrien, Esq.**
**TJ Auner, Esq.**
**JONES DAY**
**555 S. Flower Street**
**Los Angeles, California 90071**
**jboylan@jonesday.com**
**cjlovrien@jonesday.com**
**tauner@jonesday.com**

**VIA EMAIL ONLY**
**David A. Schwarz, Esq.**
**Barbara Taylor, Esq.**
**Sheppard, Mullin, LLP**
**1901 Avenue of the Stars, Suite 1600**
**Los Angeles, California 90067-6055**
**dschwarz@sheppardmullin.com**
**btaylor@sheppardmullin.com**

**VIA EMAIL ONLY**
**Barry W. Lee, Esq.**
**Misa Eiritz, Esq.**
**Noro Mejlumyan, Esq.**
**MANATT, PHELPS & PHILLIPS, LLP**
**One Embarcadero Center, 30th Floor**
**San Francisco, California 94111**
**bwlee@manatt.com**
**meiritz@manatt.com**
**nmejlumyan@manatt.com**

**VIA EMAIL ONLY**
**Joseph T. Dixon, Esq.**
**Natasha Robinson, Esq.**
**Fredrikson & Byron, P.A.**
**60 South Sixth Street, Suite 1500**
**Minneapolis, MN 55402**
**jdixon@fredlaw.com**
**nrobinson@fredlaw.com**

**PROOF OF SERVICE**

☐ **BY OVERNIGHT DELIVERY:** I deposited the document in a box or other facility regularly maintained by UPS and in an envelope or package designated by the UPS with delivery fees paid or provided for.

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **VIA ELECTRONIC MAIL:** I caused a true and correct scanned image (.PDF file) to be transmitted via electronic mail to the above address(es) indicated above.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

**Executed on October 18, 2024 at Fresno, California.**

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**Shannon Mosier**