**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,

Plaintiffs,

v.

Corporate America Lending, Inc.,

Defendant.

Civ. No. 24-1896 (JWB/ECW)

**ORDER**
**ON MOTION TO CONFIRM ARBITRATION AWARDS**

---

Chris Lovrien, Esq., David J. Feder, Esq., Joseph James Boylan, Esq., and W. Anders Folk, Esq., Jones Day, counsel for Plaintiffs.

Clarence Russell Georgeson, Esq., Georgeson Law Offices; Nicholas J. Nelson, Esq., and Samuel W. Diehl, Esq., CrossCastle PLLC, counsel for Defendant.

---

Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLSA (collectively "Compeer") moves to confirm three awards issued by the Merits Panel in AAA Case No. 01-24-0005-4234: (1) the April 23, 2025 Grant Deed Order; (2) the June 16, 2025 Interim Phase II Award; and (3) the August 12, 2025 Final Phase II Award. (Doc. No. 247.) Defendant Corporate America Lending, Inc. ("CAL") opposes confirmation only of the Grant Deed Order, contending it is not final and that the arbitrators exceeded their authority.

Under the Federal Arbitration Act, confirmation is mandatory unless a timely motion identifies a basis to vacate or modify under 9 U.S.C. §§ 10 or 11. None was filed. Further, the Grant Deed Order is final because it resolved a discrete, submitted dispute

arising after Phase I. For these reasons, and for those below, Compeer's motion is granted and all three awards are confirmed.

**DISCUSSION**

## I. Legal Standard

A party in arbitration may apply for an order confirming an arbitration award if "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. The party seeking confirmation must apply for a court order within one year after the award is made and must file the arbitration agreement and the award. *Id.* §§ 9, 13.

A court "must grant" an order to confirm an arbitration award, unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9). A district court may vacate, modify, or correct an award in statutorily enumerated instances, including fraud, corruption, material miscalculation, material mistake, and arbitrator misconduct. *See* 9 U.S.C. §§ 10, 11.

Courts conduct an extremely limited review of arbitration awards. *Kiernan v. Piper Jaffray Cos.*, 137 F.3d 588, 594 (8th Cir. 1998). The underlying award is entitled to an extraordinary level of deference. *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004). The merits are not revisited. *Id.*; *see also Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC.*, 319 F.3d 1060, 1064 (8th Cir. 2003) ("Where parties agree to arbitrate, a court cannot substitute a judicial determination

for the arbitrator's decision.").

## II. Analysis

### A. Authority to Confirm and Waiver

The parties' arbitration agreement states that the prevailing party has "the right to enter, without contest by the other party, an order reflecting the arbitrator's decision in any court of competent jurisdiction." (Doc. No. 3 at 17.) This clause independently bars CAL's opposition to confirmation. This Court previously held that it has competent jurisdiction to enter orders confirming the panel's awards. (Doc. No. 128 at 22:4–25:3.)

Compeer's motion is timely. CAL filed no motion to vacate or modify within the three-month period under 9 U.S.C. § 12, and any attempt to recast vacatur arguments as jurisdictional or procedural objections is foreclosed. Confirmation is therefore required.

### B. Finality of the Grant Deed Order

CAL nonetheless argues that the Grant Deed Order is interim, not final, because disputes remain regarding the deed's value and validity. But even an interim award can finally determine separate, fully submitted issues. *See Manion v. Nagin*, 392 F.3d 294, 299 (8th Cir. 2004). An award need not dispose of the entire arbitration to be confirmable. *See Bridgeview Aerosol, LLC v. Black Flag Brands, LLC*, Civ. No. 09-1817 (JNE/SRN), 2009 WL 10678555, at *3–4 (D. Minn. Sept. 18, 2009) (interim award may be confirmed if it finally and definitively disposes of an independent claim, even if there are more claims and issues to be considered). Relevant to the consideration are whether the award indicates that it is final and whether the arbitrators intended it to be final. *See id.* at *3 (citing *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999)).

The need for the Grant Deed Order arose after confirmation of the Partial Final Award on Phase I. The Merits Panel was asked to resolve whether CAL's recording of the Grant Deed complied with the Phase I Award. The panel answered that question and ordered corrective relief. Although not labeled "final," that order resolves the discrete, independent issue of where the grant deed must remain pending the outcome on Phase II of the arbitration. That ruling is akin to a preliminary injunction or other ruling that is intended to fully resolve a preliminary issue and preserve meaningful ultimate relief—which can be confirmed. *See United Healthcare Servs., Inc. v. Guemple*, Civ. No. 35-2606 (ECT/DTS), 2024 WL 4380919, at *3–4 & n.1 (D. Minn. Oct. 3, 2024). The Grant Deed Order is therefore confirmable.

CAL's focus on unresolved issues concerning the deed's market value or collateral consequences does not alter the finality of the question the panel decided: the propriety of CAL's recording the Grant Deed. Those other issues were not resolved by the arbitrators and are not before this Court for confirmation.

CAL also contends that a stray sentence in the reasoning section of the Phase I Award authorized its recording action. But courts confirm the relief awarded, not the arbitrator's reasoning. *See United Steelworkers v. Enterprise Wheel*, 363 U.S. 593, 598 (1960) (stating that arbitrators are not required to give reasons at all and that ambiguity in the reasoning is no basis to deny enforcement). Confirmation turns only on the operative directives in the award, and the Phase I directives instructed CAL to take no action affecting the Grant Deed absent further instruction. The Grant Deed Order found that CAL's recording was premature. That determination is what the FAA requires this Court

to enforce.

### C. *Functus Officio*

CAL also asserts that the Grant Deed Order violates the *functus officio* doctrine because it revisits the final and confirmed Phase I Award. CAL admits that if the Grant Deed Order is indeed final, this issue "may have" had to be raised in a motion to vacate. (Doc. No. 264 at 11.) CAL's *functus officio* argument goes to the arbitrators' power to issue the Grant Deed Order, which is a statutory basis to vacate an award "upon the application of any party to the arbitration." 9 U.S.C. § 10(a)(4). As explained above, the Grant Deed Order is final as to the issue of CAL's recording of the Grant Deed, and CAL has not filed any timely motion to vacate. The argument is therefore waived. And even if not waived, the argument fails because the Grant Deed Order did not revisit the merits of Phase I or rewrite the confirmed award. Rather, it resolved a new dispute that arose afterward.

### D. Conclusion

The elements required for confirming the Grant Deed Order and the Interim and Final Phase II awards are present. The parties agreed to binding arbitration, Compeer timely moved to confirm in a court of competent jurisdiction, and there is no basis to vacate or modify. Therefore, Compeer's motion is granted, the awards are confirmed, and judgment will be entered.

Compeer is authorized to immediately register the judgment for good cause under 28 U.S.C. § 1963, as it was with the confirmed Phase I awards. (*See* Doc. No. 117 at 2.) CAL's selective compliance has continued in Phase II of the arbitration, and there is no

reason to believe CAL has assets in Minnesota to satisfy the judgment.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Confirm Arbitration Awards (Doc. No. 247) is **GRANTED**, and the following awards from AAA Case No. 01-24-0005-4234 are **CONFIRMED**:

   a. The April 23, 2025 Order on Grant Deed (attached as Exhibit 1);

   b. The June 16, 2025 Interim Phase II Award (attached as Exhibit 2); and

   c. The August 12, 2025 Final Phase II Award (attached as Exhibit 3).

2. Pursuant to 28 U.S.C. § 1963 and for good cause shown, Plaintiffs may register this judgment in other districts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 12, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge