# Exhibit 1

AMERICAN ARBITRATION ASSOCIATION

COMMERCIAL ARBITRATION TRIBUNAL

COMPEER FINANACIAL, ACA/FLCA/PCA,

f/k/a AgStar Financial Services ACA/FLCA/PCA,

doing business as Agri-Access, CLAIMANT

v. AAA Case No. 01-24-0005-4234

CORPORATE AMERICAN LENDING, INC. ("CAL"),

RESPONDENT

ORDER ON GRANT DEED

Claimant seeks an Order of the Panel (1) Clarifying the intent of the Partial Final Award; (2) Confirming that CAL's recording of the Grant Deed was ineffective under the Partial Final Award; and (3) Ordering CAL to cooperate in rectifying the recording of the Grant Deed. The Panel has not been asked to re-determine the merits of any claim. Based on the arguments of Counsel,

IT IS ORDERED:

1. In the ordering clauses of the Partial Final Award of Merits Panel, the prominent order (as in most arbitrations) was that order giving rise to the monetary judgment at the heart of the dispute, namely *" Respondent shall <u>pay</u> Claimants the sum of $57,146,398.93, together with interest at the Minnesota statutory rate of 10 % from and after May 9, 2024, and continuing <u>on unpaid</u> amounts."* (the "Monetary Award).
2. Moreover, the Award, in aid of "*partial*" satisfaction toward the Award's order to pay the Monetary Award, included an order for the delivery of $23 million of the Payoff Proceeds CAL's counsel affirmed he was holding in trust, and included an order that there be no impairment of the Grant Deed Cal's counsel affirmed he was holding in trust. The Partial Final Award of Merits Panel on Phase I ordered CAL's Counsel, Mr. Georgeson, to "continue to hold in trust, and take no action which would or may in any way release, transfer, dissipate, damage, or impair the Grant Deed described in the October 18, 2024, Declaration of C. Russell Georgson submitted in this arbitration".
3. In the Reasoning Section of the Award, it stated: "the Panel directs Respondent to forthwith transfer those assets [the $23 million held in trust and the Grant Deed] to

Claimant in order to partially satisfy the Award." This direction was in aid of, and in no way negated, impaired or modified, the Monetary Award (or the attendant orders and awards of interest and fees).

4. Such Order contemplated that the Grant Deed might be used as security for the payment of any Judgment entered on the Partial Final Award, at Claimant's option if it determined to foreclose on the security, but did not contemplate the unilateral recording of the Grant Deed by CAL.
5. Recently, and well after the Partial Final Award, new facts have been put before the Panel about which the Panel (and perhaps counsel) was unaware, which facts materially implicate the value, validity, and enforceability of the Grant Deed. This was not before the Panel in Phase I and the testimony of Michael Graham, the co-signatory of the Grant Deed, was neither at issue or taken. Events that have come to the Panel's attention after the Phase I hearing raise the question whether the Grant Deed is valid and enforceable, or has any value that could be utilized by Claimant to provide some satisfaction of the Judgment issued on the Partial Final Award.
6. Also subsequent to the Phase I hearing, and in connection with the Judgment entered on the Partial Final Award, a Receiver has been appointed with authority over the Payoff Proceeds and any property "which may be lawfully recovered in satisfaction of the arbitration awards confirmed by this Court". The Receiver may determine that the Grant Deed is one such property.
7. Given the foregoing,[1] CAL and its Counsel are Ordered to cooperate with Claimant and Counsel for Mr. Graham to reverse or otherwise rectify the premature recordation of the Grant Deed and to restore it to Mr. Georgeson, to be held by him in Trust as required by Paragraph 12.b of the Partial Final Award, or, at Claimant's option, to be delivered to Claimant to be held as security for payment of the Judgement.
8. Given that the Phase II hearing in this proceeding will address, in part, CAL's claims of offset to the Partial Award/Judgment, and given CAL now claims that the recordation of the Grant Deed likewise produced an offset to the Partial Award/Judgment, all issues concerning the Grant Deed will be addressed in the Phase II hearing, including the following questions:
   a. Is the Grant Deed valid without the signature of Cynthia Graham, one of the co-owners of Prosperity Farms.
   b. Is the Grant Deed void for fraud in the inducement of the signature of Michael Graham.

---

[1] This order is neither a change in, nor a redetermination of the merits of any claim already decided by, the Partial Final Award. Moreover, given the foregoing, there is good cause to address the Grant Deed dispute recently put before us.

Dated: April 23, 2024 /s/ Sam Hanson, for the Panel