# Exhibit 3

AMERICAN ARBITRATION ASSOCIATION

COMMERCIAL ARBITRATION TRIBUNAL

COMPEER FINANCIAL, ACA/FLCA/PCA
f/k/a AgStar Financial Services ACA/FLCA/PCA
doing business as Agri-Access, Claimant

v. AAA Case No. 01-24-0005-4234

CORPORATE AMERICAN LENDING, INC., Respondent

FINAL AWARD OF MERITS PANEL ON PHASE II

We, the Undersigned Arbitrators, have been designated in accordance with the arbitration agreement of the parties contained in their Origination, Field Servicing & Master Participation Agreement ("MPA") dated April 15, 2015, have been duly sworn, and have duly heard the proofs and allegations of the parties, and having previously rendered a Partial Final Award on Phase I dated February 4, 2025 and an Interim Award on Phase II, dated June 16, 2025, hereby issue this Final Award on Phase II as follows:

1. The Interim Award of Merits Panel on Phase II, dated June 16, 2025, together with the attached Exhibits A, B, and C, is hereby incorporated in full in this Final Award of the Merits Panel on Phase II.

2. Respondent shall pay to Claimant attorneys' fees in the amount of $1,250,000. This represents fees for this Arbitration only, and excludes fees for ancillary litigation for the confirmation of the Phase I Award, the Receivership, the action pending in the Eastern District of California, the Fresno actions, and the Interpleader action, each of which is appropriately addressed to the respective court and is beyond the scope of the arbitration provisions of the MPA and the jurisdiction of the Arbitration Panel. The fee

award represents a deduction from the requested fees to adjust for billing rates, timekeepers, and hours, consistent with the adjustments made in the Partial Final Award of the Merits Panel on Phase I.

3. Claimant is awarded costs of $29,053.42.

4. The compensation and expenses of the arbitrators for Phase II totaling $136,345.00 shall be borne $136,345.00 by Respondent.. Therefore, Respondent has to pay Claimant, an amount of $68,400.00.

5. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

6. This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together the same instrument.

Hon. Richard Solum (Ret.)

Richard Solum Dated: August 12, 2025

Phillip Baker

_________________ Dated: ______________

Hon. Sam Hanson (Ret.)

__________________ Dated: _______________

award represents a deduction from the requested fees to adjust for billing rates, timekeepers, and hours, consistent with the adjustments made in the Partial Final Award of the Merits Panel on Phase I.

3. Claimant is awarded costs of $29,053.42.

4. The compensation and expenses of the arbitrators for Phase II totaling $136,345.00 shall be borne $136,345.00 by Respondent.. Therefore, Respondent has to pay Claimant, an amount of $68,400.00.

5. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

6. This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together the same instrument.

Hon. Richard Solum (Ret.)

__________________ Dated: ______________

Phillip Baker

[signature] Dated: 8/12/25

Hon. Sam Hanson (Ret.)

__________________ Dated: ______________

award represents a deduction from the requested fees to adjust for billing rates, timekeepers, and hours, consistent with the adjustments made in the Partial Final Award of the Merits Panel on Phase I.

3. Claimant is awarded costs of $29,053.42.

4. The compensation and expenses of the arbitrators for Phase II totaling $136,345.00 shall be borne $136,345.00 by Respondent.. Therefore, Respondent has to pay Claimant, an amount of $68,400.00.

5. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

6. This Final Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together the same instrument.

Hon. Richard Solum (Ret.)

_________________ Dated: _____________

Phillip Baker

_________________ Dated: _____________

Hon. Sam Hanson (Ret.)

Sam Hanson Dated: 8/12/25