**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

COMPEER FINANCIAL, ACA;
COMPEER FINANCIAL, PCA; and
COMPEER FINANCIAL, FLCA,

*Plaintiffs,*

v.

CORPORATE AMERICA LENDING, INC.,

*Defendant.*

Court File No. 24-CV-1896 (JWB/ECW)

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND RECEIVER ORDER**

In accordance with the Court's December 11, 2025 Order, ECF No. 292, Plaintiffs respectfully submit this supplemental brief in further support of Plaintiffs' Motion to Amend the Receiver Order, ECF Nos. 273-275. As instructed, this brief addresses, in turn: (i) the factual basis and need for Plaintiffs' request that the Receiver be granted authority to bring litigation to recover the Payoff Proceeds; (ii) Plaintiffs' views regarding which claims the Receiver may consider asserting against which parties; (iii) why alternative remedies are insufficient; and (iv) Plaintiffs' views regarding the time and money that may be saved from such an expansion of the Receiver's authority. Plaintiffs are also submitting contemporaneously herewith an amended proposed order reflecting these adjustments and the Declaration of T. Scott Avila, the Receiver.

***Factual Basis***. As with the initial appointment, courts consider the *Aviation Supply* factors when evaluating a requested expansion of an existing receiver's authority. ECF

No. 275, at 14-15. For the reasons laid out in the opening brief, during argument, and set forth below, each of those factors supports granting the requested authority.

Between the Judgment and the orders and awards confirmed by this Court yesterday, CAL has been found to owe Agri-Access more than $70 million, comprised of the Payoff Proceeds, accrued pre- and post-judgment interest, and attorney fee awards.

There can be no dispute that Agri-Access's valid claims—including the Judgment—have not been satisfied. Given the Court's confirmation of the Grant Deed Order, the Grant Deed does not serve as a basis for satisfying the Judgment. Even giving CAL credit for every single dollar transferred to Agri-Access as reflected in the Receiver's Second Report, ECF 210, at 2 (which is not appropriate)—CAL still has not returned more than $25 million in Payoff Proceeds and is more than $37 million short of satisfying the Judgment.

As things stand today, as a direct result of CAL's fraud and dissipation, the Receivership Estate is not in possession of *any* additional Payoff Proceeds or other cash to satisfy the Judgment. ECF No. 210, at ¶¶ 2, 29. The Receiver has found that CAL transferred virtually all of the funds to a variety of third parties, including Ron Cook's other business interests (Prosperity Farms and Prosperity Development), other individuals (the Crookhams, the Grahams, Dennis Morgan, and Kristie Iness), Cook's and CAL's law firms, and other accounts owned or controlled by Mr. Cook and his wife. *See id.* at ¶ 36-40. The overwhelming majority of funds held by these other parties are not subject to any freeze orders, raising the imminent danger that they may be dissipated or lost at any time.

The Receiver has had no success in getting recipients of the Payoff Proceeds to turn over the transferred funds voluntarily. And as reflected in the accompanying declaration

from Scott Avila, the Receiver believes that he is unlikely to collect any more of the Payoff Proceeds without litigation. Avila Decl. at ¶ 3. Thus, the only way of bringing additional cash into the Receivership Estate to satisfy the Judgment is for the Receiver to commence litigation against the transferees. *Id.*

***Which Claims May Be Asserted and Against Whom***. In the Receiver's Second Report, he identifies numerous recipients of transfers of the Payoff Proceeds, including Ron Cook and his family members, other entities affiliated with Ron Cook, and other third parties. As an initial matter, and without prejudice to future requests for expansion, Agri-Access seeks to give the Receiver authority to pursue claims against a small number of transferees that received the largest transfers that include the following:

- Prosperity Farms, LLC, which received $9.352 million in net transfers from CAL.
- Prosperity Development, LLC, which received $4.097 million in net transfers.
- Michael and Elizabeth Crookham ("Crookhams," together with the Prosperity entities, the "Transferees"), who received $4.987 million in net transfers from CAL.

The Receiver should be authorized to bring any and all claims against the Transferees arising from the transfers so that the Receiver can efficiently manage the litigation and avoid any concerns regarding issue preclusion. That said, the primary claims against the Transferees consist of claims to avoid the transfers as constructive and actual fraudulent transfers under California law. *Filip v. Vucurencia*, 28 Cal.Rptr.3d 884, 886 (Cal. Ct. App. 2005); *Mejia v. Ree*, 3 Cal.Rptr.3d 390, 395 (Cal. 2003).

Constructive fraud requires a transfer for less than reasonably equivalent value when the transferor was insolvent or became insolvent as a result of the transfer. Cal. Civ. Code §§ 3439.04(a)(2); 3439.05. The Receiver's reports do not identify any consideration

provided to CAL for these transfers, resulting in no reasonably equivalent value for CAL. In addition, the transfers were made at a time when CAL was insolvent, given the substantial liability to Agri-Access as a result of the failure to pay over the Payoff Proceeds when they were received by CAL. *Mejia*, 3 Cal.Rptr.3d at 395; *Nautilus, Inv. v. Yang*, 217 Cal.Rptr.3d 458, 463 (Cal. Ct. App. 2017). There is also ample evidence in the record and the Arbitration Panel's findings to support a case for an actual fraudulent transfer of these funds (where the transferor transferred the property with the actual intent to hinder, delay, or defraud creditors). *See Nautilus, Inv.*, 217 Cal.Rptr.3d at 463; Cal. Civ. Code § 3439.04(a)(1). Other claims arising from the transfer of the Payoff Proceeds to the Transferees may include fraud, conversion, money had and received, or other tort claims to either recover the Payoff Proceeds or obtain damages as a result of the transfers.

***Alternatives Are Insufficient***. There is no real alternative to the Receiver bringing these claims on behalf of the Receivership Estate. As the Court observed at yesterday's hearing, despite being subject to the Judgment, CAL has not asserted any claims against the Transferees in more than eight months, and judging from the current record, CAL is unlikely ever to assert them. Yet the Receiver himself believes that, absent litigation, he will not be able to collect any additional amounts from the Transferees. Avila Decl. ¶ 3. And the Receiver has concluded that CAL does not have any other assets with which to satisfy the Judgment, leaving litigation as the only option. *Id.*

If further litigation is required, it is best brought by the Receiver on CAL's behalf. While Agri-Access has brought fraudulent transfer and other claims against the Grahams, Kristi Iness, and Dennis Morgan, those particular claims would only result in transfers back

to CAL, which the Receiver would then pay over to Agri-Access. Having the Receiver bring these claims directly avoids any undue litigation over standing issues that could delay recoveries and increase the expense of litigation. Moreover, the Receiver is better positioned to bring claims on CAL's behalf because he has access to all of CAL's documents, including privileged documents, that may facilitate claims against the Transferees. Perhaps most importantly, if the Receiver controls claims asserted in CAL's name or on its behalf, that control will prevent Ron Cook and his counsel from taking further actions to "engage[] in obfuscation and delay." ECF No. 128, at 46.

***Time and Money Saved***. Agri-Access believes that expanding the Receiver's authority as proposed will save significant time and money for everyone involved. Much of the reason for why the disputes between CAL and Agri-Access are so extensive stems from Ron Cook and his counsel having the power to pursue frivolous litigation strategies in CAL's name. The Court is already aware of the costs, delay, and litigation that has arisen over CAL's wrongful recording of the Grant Deed, which is but one example. Moreover, Agri-Access does not intend to bring separate actions in addition to any claims brought by the Receiver thereby avoiding duplication.

Whether Agri-Access pursues claims in its own name or the Receiver pursues them on behalf of CAL, Agri-Access is likely to be the party responsible for paying those litigation expenses. For that reason, and others, Agri-Access has absolutely no interest in duplicative or inefficient proceedings, and believes the requested expansion of the Receiver's authority is the most efficient and cost-effective path to recovery of amounts owed per the Judgment.

Dated: December 12, 2025

Respectfully submitted,

**JONES DAY**

*/s/ Joseph Boylan*
Christopher J. Lovrien*
Joseph J. Boylan*
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Phone: 213-243-2175
Email: cjlovrien@jonesday.com
jboylan@jonesday.com

W. Anders Folk (MN #0311388)
90 South Seventh Street
Suite 4950
Minneapolis, MN 55402
Phone: 612-217-8800
Email: afolk@jonesday.com

*Attorneys for Plaintiffs Compeer Financial, ACA, Compeer Financial, PCA, and Compeer Financial, FLCA*

**Admitted pro hac vice*