**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| COMPEER FINANCIAL, ACA, *et al.*,<br>PLAINTIFFSS,<br>V.<br>CORPORATE AMERICA LENDING, INC.<br>DEFENDANT. | COURT FILE NO. 24-CV-1896<br>(JWB/ECW)<br><br>**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO AMEND RECEIVER ORDER** |

Compeer's supplemental filing makes clear that it wants the receiver to bring fraudulent transfer claims on behalf of CAL under California law against certain third parties. But California law clearly authorizes Compeer to bring these claims itself, if it believes they exist—in fact, Compeer has already brought some such claims in the Eastern District of California—and it is far from clear that California law would even *allow* CAL to assert these claims on its own behalf. So it is hard to see why there is a need to authorize the receiver to bring such claims, or why doing that would save any time or money.

Compeer wants CAL to sue under California's Uniform Voidable Transfers Act, and specifically under California Civil Code Sections 3439.04 and 3934.05. These two sections provide that "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor" when "the debtor" did not "receiv[e] a reasonably equivalent value in exchange for the transfer or obligation," and was insolvent or at risk of insolvency. Cal. Civ. C. 3439.04(a), 3439.05(a). A nearby provision of California's UVTA expressly allows "a creditor" to bring "an action for relief against a transfer or obligation under this chapter," to obtain

"[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim," or to obtain "[a]n attachment … against the asset transferred or the property of the transferee," or to obtain "[a]n injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or other property of the transferee." Cal Civ. C. 3439.07(a). Thus, California law is very clear: "A creditor who is damaged by a transfer described in either section 3439.04 or section 3439.05 can set the transfer aside or seek other appropriate relief under Civil Code section 3439.07." *Potter v. All. United Ins. Co.*, 37 Cal. App. 5th 894, 904 (2019). And these remedies can be available as against both the debtor-transferor and third-party transferees.

It certainly appears, therefore, that Compeer itself could bring the claims that it wants the receiver to assert on CAL's behalf. CAL does not concede that any such claims would be meritorious or successful—but to any extent that they exist, California law seems clearly to contemplate Compeer asserting them on its own behalf. Indeed, as CAL's original brief on this motion explained, Compeer has already brought claims of exactly this type in the Eastern District of California against various third parties. *See Compeer Fin., ACA v. Graham*, No. 1:25-49 (E.D. Cal.). If Compeer believes that such claims would also lie against other defendants, there is no apparent reason why Compeer could not bring those claims as well.

In fact, it is not clear whether a debtor even *can* assert fraudulent-transfer claims on its own behalf, as Compeer wants CAL to do here. "On its face, the California Uniform Fraudulent Transfer Act *only* confers standing upon a 'creditor' of the debtor." *In re Lucas Dallas, Inc.*, 185 B.R. 801, 805 (B.A.P. 9th Cir. 1995) (emphasis added). The statutory

language does not indicate that a party may sue to avoid its own transfers. And it is difficult to think of a sensible reason why a transferee *should* be able to pursue such a remedy for its own account, since transfers covered by Sections 3439.04 and 3934.05 do not appear to violate any rights of the transferee itself.* So at minimum, the claims that Compeer wants CAL to bring through the receiver would likely be difficult and face an uphill battle, compared to suits by Compeer itself.

On top of that, fraudulent-transfer claims by CAL through the receiver would seem to be considerably more costly and burdensome, as a logistical matter, than such claims brought by Compeer itself. Compeer's current counsel obviously are deeply familiar with its claims in this controversy. Naturally, then, they are representing Compeer's interests in its current fraudulent-transfer claims against third parties in the Eastern District of California. But if CAL itself were to assert similar claims through the receiver, hiring Compeer's counsel to do so would seem to present an impossible conflict of interest. So obtaining counsel for CAL to bring such claims would raise a host of potentially difficult issues. Would the receiver have to hire new counsel for CAL who are unfamiliar with the case? How could and would those counsel be compensated? How could and would they coordinate with Compeer's and CAL's current counsel in this case? How could and would they coordinate their litigation with Compeer's similar claims in the pending Eastern District of California case? Working out these matters seems likely to create considerable burden and

* This is another response to the Court's question, at the hearing on this motion, about why CAL has not itself brought fraudulent-transfer claims. Whether or not the elements of such claims could be satisfied here, CAL may well not be the right party to assert them (or any other claim against transferees).

expense for the courts and third parties, not to mention Compeer and CAL themselves. By comparison, such difficulties would appear to be greatly reduced if Compeer simply asserts the claims on its own behalf.

In light of all this, it is genuinely puzzling why Compeer wants to pursue the more difficult and complex litigation path of having the receiver sue on CAL's behalf. Compeer's briefing on this motion has never identified any specific challenge or barrier it faces to bringing these claims itself. It only states generally that there might be "standing" questions, and that CAL's "privileged documents" might "facilitate" such claims. (*See* ECF 295 at 5.) But it is hard to see how those issues could be substantial ones. As explained above, California (like most every State) expressly allows fraudulent-transfer actions *by creditors* to avoid transfers *by their debtors*. That certainly appears to describe the claims Compeer is interested in here, and no questions of standing seem to have arisen with respect to Compeer's similar pending claims in the Eastern District of California. Indeed, as noted, since the statutory scheme appears to offer remedies *only* to creditors, it is CAL that could run into potential standing or similar complications should the receiver try to sue on its behalf. Nor is there any evident reason to think that CAL's privileged documents would be materially helpful in determining whether CAL received value in exchange for any challenged transfers, or whether CAL was insolvent or at risk of insolvency at the time. The terms of the transfers are not likely to be privileged, nor is CAL's financial status. So it is hard to see what, if anything, privileged documents could materially add to the analysis.

To sum up: this Court has certainly ruled that Compeer has the right to seek recompense. But there is nothing to indicate that allowing the receiver to bring fraudulent-transfer

suits on CAL's behalf would materially advance that right, compared to the obvious alternative of Compeer bring such suits itself. And there are considerable indications that allowing that would be materially more expensive and burdensome—for the courts; for third parties; and for Compeer, CAL, and the receiver themselves. For these reasons, CAL respectfully requests that the Court deny the relevant portion of the motion.

Dated: December 15, 2025

Respectfully submitted,

**CROSSCASTLE PLLC**
s/*Nicholas J. Nelson*
Samuel W. Diehl (#388371)
Nicholas J. Nelson (#391984)
2140 4th Ave N.
Anoka, MN 55303
P (612) 429-8100
F (612) 234-4766
sam.diehl@crosscastle.com
nicholas.nelson@crosscastle.com

***ATTORNEYS FOR DEFENDANT CORPORATE AMERICA LENDING, INC***