**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,

Plaintiffs,

v.

Corporate America Lending, Inc.,

Defendant.

Civ. No. 24-1896 (JWB/ECW)

**ORDER**
**ON MOTION TO AMEND RECEIVER ORDER**

---

Chris Lovrien, Esq., David J. Feder, Esq., Joseph James Boylan, Esq., and W. Anders Folk, Esq., Jones Day, counsel for Plaintiffs.

Clarence Russell Georgeson, Esq., Georgeson Law Offices; Nicholas J. Nelson, Esq., and Samuel W. Diehl, Esq., CrossCastle PLLC, counsel for Defendant.

---

Compeer moves to amend the Receiver's authority so that he can execute documents relating to the relief ordered by the Arbitration Panel in Phase II; receive funding from Compeer instead of Defendant Corporate America Lending, Inc. ("CAL"); and initiate litigation against identified third parties to recover funds awarded in the arbitration. (*See* Doc. No. 273.) The request for litigation authority, once narrowed, is whether the Receiver—rather than Compeer—should prosecute those claims.

A receivership is an extraordinary equitable remedy. It is not a substitute for ordinary litigation tools. Expanding a receiver's powers requires a showing, among other factors, that existing remedies are inadequate and that additional authority is necessary to preserve assets or prevent their loss. *See Aviation Supply Corp. v. R.S.B.I. Aerospace,*

*Inc.*, 999 F.2d 314, 316–17 (8th Cir. 1993). That showing of necessity central here.

It has not been made. Compeer is free to pursue the claims it identifies. The existing receivership appears to provide it the tools to do so: access to CAL's records, a neutral fiduciary to investigate and preserve evidence, and a mechanism for coordinating with the Receiver. Nothing in this record shows that recovery of the Payoff Proceeds will be materially impaired absent expanding the Receiver's authority to include litigation power. What Compeer seeks at this point is not access to a remedy, but control over how that remedy is pursued. But that is not the function of a receivership.

Expanding the Receiver's authority in this manner would alter the Receiver's role. A receiver serves as a neutral fiduciary for the estate, and it ought not to become a litigation proxy for a single creditor. *See, e.g., Booth v. Clark*, 58 U.S. 322, 331 (1854) (describing a receiver as "an indifferent person between parties, appointed by the court"); *Bowersock Mills & Power Co. v. Joyce*, 101 F.2d 1000, 1002 (8th Cir. 1939) (describing the receiver as an officer of the court who was acting for the court, not an agent or employee of either party to the litigation). On this record, there is insufficient basis to collapse that distinction.

The request to authorize the Receiver to initiate litigation is therefore denied without prejudice. Compeer may renew the request upon a more developed showing, including identification of specific claims against specific defendant transferees, as well as evidence that existing remedies are inadequate—for example, that claims cannot be effectively pursued by Compeer, a better showing that CAL or third parties are obstructing recovery, or that assets are at risk of dissipation in a way that the current

receivership cannot address.

The motion to amend receivership powers is otherwise granted. CAL does not oppose Compeer's other requested amendments, except for the request to allow the Receiver to execute documents relating to the Grant Deed Order. CAL argues the Grant Deed Order is not final and did not issue relief that the Receiver needs to protect. The finality argument was rejected in the order confirming the Grant Deed Order. (*See* Doc. No. 294 at 3–4.) The Merits Panel fully resolved the issue of CAL's attempted compliance with the Phase I Award by ordering it to cooperate with Compeer to undo the recording of the Grant Deed. Given CAL's history of selective and illusory compliance with orders from this Court and from the arbitrators, the Receiver is authorized to carry out the duties imposed on CAL in the Grant Deed Order. As before, CAL can obviate the need for a Receiver by fully complying with the Merits Panel's orders and awards itself.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Amend (Doc. No. 273) is **GRANTED IN PART**, and the March 27, 2025 Order Appointing Receiver (Doc. No. 118) is amended by adding the following provisions:

    a. The Receiver is authorized to enforce and implement the Phase II Awards and Grant Deed Order, including by executing documents and instruments in connection with such enforcement and implementation.

    b. The Receiver is, to the exclusion of all others, including current equity

owners, directors, officers, and employees, authorized to take all actions with respect to the Grant Deed Order that are within the power and authority of CAL, including withdrawing any motion to intervene in any proceeding implicating the Grant Deed and the property subject to the Grant Deed.

c. Plaintiffs, in their sole discretion and without further court order, may fund any amounts deemed necessary for the operation of the Receivership Estate, including payment of the Receiver and its counsel's fees. Any such advance will, and without the need for a receiver's certificate, be afforded a superpriority administrative expense status with priority over all other claims against the Receivership Estate and added to the Judgment and accrue interest at the applicable rate.

d. Plaintiffs have agreed to fund all amounts incurred by the Receiver through October 31, 2025 that remain unpaid in excess of any retainers, including the accrued and unpaid fees of the Receiver; Paladin, Katten Muchin Rosenman LLP; and iDS.

e. For expenses incurred beginning November 1, 2025, the Receiver shall prepare and propose to Plaintiffs a budget for any expenses for the Receivership Estate, with such budgets to be approved by Plaintiffs in their sole discretion. The budget may be amended with Plaintiffs' consent. The Receiver must review actual expenses against the budget with Plaintiffs.

f. The Receiver shall have the power to pay and discharge out of the funds coming into its possession from any source, including funds advanced by Plaintiffs under this Order, the expenses of the Receivership Estate and the costs and expenses of the Receivership Estate incurred at any time from and after the date of this Order. After the Receiver pays its costs from the proceeds generated from the Receivership Assets according to a previously approved budget, the Receiver shall make distributions of funds to Plaintiffs. If necessary, the Receiver may move for a court order authorizing proposed distributions.

Date: April 10, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge