**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,<br><br>Plaintiffs,<br><br>v.<br><br>Corporate America Lending, Inc.,<br><br>Defendant. | Civ. No. 24-1896 (JWB/ECW)<br><br>**RECEIVER'S SEVENTH WRITTEN REPORT** |

T. Scott Avila, the Receiver appointed pursuant to the *Order Appointing Receiver*, dated March 27, 2025 (Docket No. 118) (the "Receivership Order"), hereby files this *Receiver's Seventh Written Report* (the "Seventh Report") in accordance with Paragraph 11 of the Receivership Order and the Court's *Order on the Receiver's Motion Regarding Continued Sealing of Receiver's First Written Report and for Instructions on Sharing of Documents with Plaintiffs* entered on June 20, 2025 (Docket No. 206) (the "June 20 Order").

## PRELIMINARY STATEMENT

1. The Receiver filed five prior Written Reports between April 28, 2025 and December 30, 2025, and filed the Sixth Written Report on February 24, 2026 (collectively, the "Written Reports").[1]

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Report, Second Report, Third Report, Fourth Report, Fifth Report, and Sixth Report, as applicable.

2. As set forth in the Written Reports, by the filing of the Third Report the Receiver had substantially completed the tracing of the Payoff Proceeds and identified the principal categories of transferees of those funds. Since the Third Report, the Receiver's efforts have focused on implementing the discovery protocol authorized by the June 20 Order, coordinating document production among Agri-Access, CAL, and iDS, and investigating certain transactions at Agri-Access's request.

## REPORT

### I. The Performance of the Receiver's Duties

3. The Receiver's activities since the filing of the Sixth Report were limited in scope as the parties were awaiting the Court's ruling on Agri-Access's *Motion to Amend Receiver Order* (Docket No. 273), filed on November 20, 2025 (the "Motion"). The Court's April 10, 2026 ruling on the Motion is addressed below.

4. Since the filing of the Sixth Report, the Receiver has been asked by Plaintiffs to investigate certain financial transactions involving CAL that do not appear to be reflected in the Receiver's prior reports. According to Agri-Access, these transactions include wire transfers and payments made by or through CAL to Compeer on certain loan obligations, as well as payments received by CAL from a third-party borrower which may not have been forwarded to Compeer. The Receiver is reviewing available records to trace these transactions and to determine whether CAL utilized additional bank accounts to conduct business that have not previously been identified in the Receiver's investigation.

## II. Next Steps

5. As noted above, the Court entered the *Order on Motion to Amend Receiver Order* (Docket No. 346) (the "Receivership Expansion Order") on April 10, 2026, authorizing the Receiver to (i) enforce and implement the Phase II Awards and Grant Deed Order, including by executing documents and instruments in connection with such enforcement and implementation, (ii) take all actions with respect to the Grant Deed Order that are within the power and authority of CAL, including the authority to withdraw any motion to intervene in any proceeding implicating the Grant Deed and the property subject to the Grant Deed. The Court, however, denied Agri-Access's request to expand the Receiver's authority to include prosecution of claims against certain identified third parties to recover funds awarded in the arbitration.

6. In light of the Court's ruling on the Motion, the Receiver is prepared to execute all documents and take all actions necessary to enforce and implement the Phase II Awards and Grant Deed Order.

7. As noted in the Sixth Report, the parties agreed to hold review and production of documents deemed "presumptively privileged" pending further agreement of the parties. Agri-Access has indicated its desire to resume that process, and the Receiver will coordinate that effort among Agri-Access, CAL, and iDS.

8. Upon the conclusion of the Receiver's enforcement and implementation of the Phase II Awards and Grant Deed Order, the completion of remaining discovery, and any other tasks that are within the scope of the Receivership Order, as modified by the

Receivership Expansion Order, the Receiver will evaluate whether it is appropriate to wind up the receivership.

Dated: April 24, 2026

Respectfully submitted,

*/s/ T. Scott Avila*
T. Scott Avila, Court-Appointed Receiver