**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Compeer Financial, ACA; Compeer Financial, PCA; and Compeer Financial FLCA,<br><br>Plaintiffs,<br><br>v.<br><br>Corporate America Lending, Inc.,<br><br>Defendant. | Civ. No. 24-1896 (JWB/ECW)<br><br>**RECEIVER'S NINTH WRITTEN REPORT** |

T. Scott Avila, the Receiver appointed pursuant to the *Order Appointing Receiver*, dated March 27, 2025 (Docket No. 118) (the "Receivership Order"), hereby files this *Receiver's Ninth Written Report* (the "Ninth Report") in accordance with Paragraph 11 of the Receivership Order and the Court's *Order on the Receiver's Motion Regarding Continued Sealing of Receiver's First Written Report and for Instructions on Sharing of Documents with Plaintiffs* entered on June 20, 2025 (Docket No. 206) (the "June 20 Order").

## PRELIMINARY STATEMENT

1. The Receiver filed five prior Written Reports between April 28, 2025 and December 30, 2025, and three Written Reports between February 24, 2026 and June 22, 2026 (collectively, the "Written Reports").[1]

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Report, Second Report, Third Report, Fourth Report, Fifth Report, Sixth Report, Seventh Report, and Eighth Report, as applicable.

2. As set forth in the Written Reports, by the filing of the Third Report the Receiver had substantially completed the tracing of the Payoff Proceeds and identified the principal categories of transferees of those funds.

**REPORT**

3. It has come to the Receiver's attention that prior to the appointment of the Receiver, CAL commenced a civil action in the Superior Court of the State of California, County of Fresno, captioned *Corporate America Lending, Inc. v. Harris*, Case No. 23CECG01520 (the "Fresno Action"). The Fresno Action had been held in abeyance pending the outcome of CAL's appeal of the Receivership Order. Following the Eighth Circuit's ruling on July 6, 2026, CAL advises that the claims asserted in the Fresno Action constitute an asset of the receivership estate. Counsel for CAL has also advised the Receiver of his intention to withdraw as attorney of record. Trial is currently calendared to begin on February 1, 2027. The Receiver is continuing to assess the Fresno Action and has not yet determined whether to prosecute the claims.

4. Separately, the Receiver received notice from Toor Farming and related entities of an intended cross-complaint in an action pending in the Superior Court of the State of California, Tulare County (the "Tulare Action"). The Receiver understands that prior to the appointment of the Receiver, Ron Cook commenced a civil action against Toor Farming and related parties. The proposed cross-complaint would be asserted against CAL, Ron Cook, and Alex Aretakis, alleging, among other things, that CAL was an alter ego and was otherwise complicit in alleged misconduct. The Tulare Action is presently set for trial on November 2, 2026. Toor Farming has indicated a willingness to stipulate to a

trial continuance. The Receiver's evaluation of the Tulare Action is ongoing, and no decision has been made regarding acceptance of service on behalf of CAL or the course of action to be taken.

**NEXT STEPS**

5. As reported in the Eighth Report, the Receiver has been working with Agri-Access on enforcing and implementing the Phase II Awards and Grant Deed Order, including by executing documents and instruments in connection with such enforcement and implementation, pursuant to the Court's Receivership Expansion Order. Agri-Access has advised the Receiver that additional documents will require execution in connection with such enforcement and implementation, and the Receiver anticipates executing those documents as they are presented.

6. The Receiver will continue to evaluate the newly identified litigation assets in the Fresno Action and Tulare Action and the claims asserted against CAL in the Tulare Action, and coordinate with counsel regarding the appropriate course of action. Upon the completion of remaining tasks that are within the scope of the Receivership Order, as modified by the Receivership Expansion Order, the Receiver will evaluate whether it is appropriate to wind up the receivership.

Dated: August 14, 2026

Respectfully submitted,

*/s/ T. Scott Avila*
T. Scott Avila, Court-Appointed Receiver